DERASTUS LEWIS v. R. A. FOARD.

*Practice—Judgment Non Obstante Veredicto—Exception—Certiorari.*

1. Where an issue distinctly raised by the pleadings is submitted to the jury without objection, a motion by plaintiff after verdict for the defendant for judgment on the pleadings cannot be entertained.

2. In such case a *certiorari* to correct the case on appeal by having it to state that the motion for judgment after verdict was made on admissions in the testimony of the defendant on the trial as well as on the pleadings, will be denied where it appears that plaintiff did not ask for instructions on that aspect of the case, nor file any exceptions to the Judge's charge.

3. A motion for judgment *non obstante veredicto* can only be made on the face of the pleadings.

CIVIL ACTION heard, on appeal from the Court of a Justice of the Peace, at August Term, 1892, of GUILFORD Superior Court, before *Connor, J.,* and a jury.

Testimony was introduced by both parties and the issues submitted to the jury under the charge of the Court, to

which no exception was made. After verdict and judgment for the defendant plaintiff appealed.

*Mr. J. A. Barringer,* for plaintiff (appellant).
*Mr. J. T. Morehead,* for defendant.

CLARK, J. : The plaintiff, after verdict, moved for judgment upon the pleadings. This was properly denied, because an issue was distinctly raised by the answer, and was submitted to the jury without objection.

The plaintiff also moved for a *certiorari* to correct the case on appeal by setting out that the motion for judgment by plaintiff, after the verdict against him, was made "upon admissions in the testimony of the defendant upon the trial" as well as "upon the pleadings." The plaintiff avers that the Judge is willing to make the correction. But if such correction of the case were made we cannot see how it would benefit the plaintiff. If admissions were made by the defendant in his testimony, as alleged, the plaintiff should have asked for instructions upon that aspect of the case. He did not do so, nor did he file any exceptions to the charge. We do not understand how he can get the benefit of an objection for an omission to charge by a motion *non obstante veredicto.* Indeed, that motion can only be made on the face of the pleadings. *Walker* v. *Scott,* 106 N. C., 56. There was no exception for omission to charge, and, besides, that is not ground for exception, unless there was a prayer for instruction refused. *Boon* v. *Murphy,* 108 N. C., 187, and other cases cited. Clark's Code (2d Ed.), p. 382. The motion for *certiorari* must be denied, and the judgment below is                          Affirmed.