CITIZENS AND PEOPLES NATIONAL BANK, A CORPORATION, *Plaintiff in Error*, v. LOUISVILLE AND NASHVILLE RAILROAD COMPANY, A CORPORATION, *Defendant in Error*.

Opinion Filed July 20, 1920.

1. Where it cannot be fairly said that on the evidence adduced there can be but one opinion among jurors as reasonable men on the issue presented, or that "no sufficient evidence has

been submitted upon which the jury could legally find a verdict for" the defendant, a verdict should not be directed for the plaintiff.

2. A verdict for one party may be directed only when the evidence adduced is legally insufficient to support a judgment for the opposing party, otherwise the organic "right of trial by jury" would be violated.

3. Where there is substantial evidence to sustain a judgment for one party a verdict for the other party should not be directed, even though a verdict found may properly be set aside for a new trial where other matters of procedure or of law taken in connection with the evidence make a new trial appropriate in order that "right and justice shall be administered," as required by the Constitution.

A Writ of Error to the Circuit Court for Escambia County; A. G. Campbell, Judge.

Judgment reversed.

*Watson & Pasco*, for Plaintiff in Error;

*Blount & Blount & Carter*, for Defendant in Error.

PER CURIAM.—To a declaration in trover alleging that the bank paid to one W. W. Weekly the amount of a check belonging to the Railroad Company upon an unauthorized endorsement by Weekly, a demurrer was sustained. A judgment for the defendant bank on the demurrer was reversed. Louisville & N. R. Co. v. Citizens' & Peoples' Nat. Bank of Pensacola, 74 Fla. 385, 77 South. Rep. 104.

At a subsequent trial the defendant bank pleaded "that it is not true as alleged * that W. W. Weekly was not authorized by plaintiff to endorse or collect the said

check;" and "that it is not true as alleged * that said Weekly did not pay over to the plaintiff the money alleged to have been collected by him on the said check."

The court instructed the jury that "in this cause it appears to the court that the bank cashed the check as alleged in the declaration, upon an endorsement which was unauthorized, it not appearing that the railroad had at any time authorized its agent to make such endorsements and collect the cash, and it not appearing that it ever had any prior knowledge that he had done so; therefore, the bank's paying this check to W. W. Weekly, upon such endorsement, was unauthorized, and therefore your verdict will be for the plaintiff for $905.00, with interest from the date of payment of the check."

A verdict was so returned, and to a judgment rendered thereon the defendant bank took writ of error. It is conceded by counsel for the defendant in error that under the first plea express authority or implied authority of Weekly to endorse the check or estoppel to deny Weekly's authority may be shown. There is evidence tending to show that a course of dealing of long standing indicated that Weekly did have or did exercise authority that apparently warranted the defendant in accepting his endorsement of the check in question as being authorized by the plaintiff railroad company, and some proffered testimony along this line was excluded by the court upon objection.

It cannot be fairly said that on the evidence adduced there can be but one opinion among jurors as reasonable men on the issue presented, or that "no sufficient evidence has been submitted upon which the jury could legally find a verdict for" the defendant. Sec. 1, Chap.

6220, Acts 1911, amending Sec. 1496, Gen. Stats. 1906, Comp. Laws, 1914; Gravette v. Turner, 77 Fla. 311, 81 South. Rep. 476.

A verdict for one party may be directed only when the evidence adduced is legally insufficient to support a judgment for the opposing party, otherwise the organic "right of trial by jury" would be violated. And where there is substantial evidence to sustain a judgment for one party a verdict for the other party should not be directed, even though a verdict found may properly be set aside for a new trial where other matters of procedure or of law taken in connection with the evidence make a new trial appropriate in order that "right and justice shall be administered," as required by the Constitution.

Judgment reversed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.

BROWNE, C. J., not participating.