MILDRED DUDLEY, joined by her husband, GEORGE DUDLEY, and GEORGE DUDLEY, individually, v. HARRISON, Mc-CREADY & COMPANY, a Corporation.

173 So. 820.

En Banc.

Opinion Filed April 16, 1937.

688

Patterson, Blackwell & Knight, Dewey Knight and W. Clinton Green, for Plaintiffs in Error;

Knight, Pace & Paine, and Snedigar & Baya, for Defendant in Error.

BROWN, J.—This was an action by wife and husband for damages for personal injuries to the wife. While the respective claims of the wife and the husband as to the damages sustained by each as a result of the injury to the wife should have been claimed in separate counts, nevertheless the declaration stated a cause of action, and the defect being formal, the demurrer thereto was properly overruled by the trial court. The case was tried upon the plea of the general issue and two pleas of contributory negligence. The jury's verdict was for the plaintiffs, separately assessing the damages found to have been sustained by each of the plaintiffs, the wife and husband respectively. The court denied defendant's motion for new trial and in arrest of judgment, but granted its motion for judgment *non obstante veredicto,* and entered judgment in favor of the defendant. In said judgment the trial court stated that it had granted the motion for judgment notwithstanding the verdict, it appearing to the court that the pleas of the defendant set up a meritorious defense and were upon the trial fully sustained, and not met by plaintiffs, notwithstanding the jury's verdict to the contrary. These pleas, of course, presented

issues of fact, which the court had submitted to the jury for their determination.

Under this state of the record, motion for judgment *non obstante veredicto* was not an available remedy, and the court erred in granting it. By granting this motion and rendering final judgment in favor of the defendant, the court itself finally determined, adversely to the plaintiffs, an issue of fact which the plaintiffs had the right to have determined by a jury. If the instant verdict was not in the opinion of the court justified by the evidence, on any of the vital and material issues of fact presented by the pleadings, the granting of a new trial would have been an appropriate remedy. Or, before the case was submitted to the jury, if the defendant had clearly and unquestionably proven its pleas, a motion for an affirmative charge or an instructed verdict in favor of the defendant might properly have been made and granted.

The learned trial judge doubtless thought he was justified in granting the defendant's said motion by a paragraph in the able opinion of Mr. Chief Justice ELLIS in the case of Pillet v. Erschick, 99 Fla. 483, 126 So. 784, reading as follows:

"A judgment in favor of the defendant notwithstanding the verdict would have been improper not only because there was evidence to support the plaintiff's declaration, but because a judgment of that kind is applicable, if at all in this State, where a plea setting up a meritorious defense has been fully sustained and not met by the plaintiff, or where the declaration fails to state a cause of action, but a verdict is nevertheless found in favor of the plaintiff. 14 Stand. Ency. Proc. 959, 33 Corpus Juris 1181."

It will be observed that the rule referred to by the writer of that opinion was not held to be actually applicable in

this jurisdiction, the language used being "is applicable, if at all in this State," etc. Then immediately after the above quoted paragraph, the following paragraph appears: .

"The common law rule that a motion for such judgment cannot be interposed by a defendant obtains in many jurisdictions and has not been abolished by statute nor relaxed by decisions of this Court except in so far as Section 4615, Comp. Gen. Laws of 1927, as construed by this Court, may be considered an abandonment or relaxation of the rule."

Indeed the opinion and decision referred to held that the trial court was without error in denying the motion interposed in that case for judgment *non obstante veredicto*. In the preceding portion of the opinion, in referring to the contention that said motion should have been granted, it was said: "The last proposition rests upon the assertion that according to the evidence as developed in the plaintiff's case his injuries were attributable either to his own neglect or that of some person other than the defendant." The opinion concludes with these words: "No error appearing in the record, the judgment is affirmed."

It will also be noticed that the opinion in the case of Pillet v. Ershick, cites 33 C. J. 1181, where the following appears:

"Defendant is entitled to a judgment *non obstante veredicto* where plaintiff's pleadings are insufficient to support a judgment in his favor, as where the declaration states no cause of action, or where plaintiff fails to reply to a good plea of new matter, but not where plaintiff's pleadings show a good cause of action in him, and avoid the defense pleaded."

This quotation is confined to the pleadings, and nowhere refers to the evidence.

And in the case of Pillet v. Ershick, this writer wrote a concurring opinion, joined in by Justices WHITFIELD and

STRUM, which was not in conflict with the majority opinion as I then understood, and now understand it, and which reads.:

"Originally, at common law, a judgment *non obstante veredicto* could be entered only when the plea confessed the cause of action and set up matters in avoidance which were insufficient to constitute a defense or bar to the action. 33 C. J. 1178.

"As stated in the opinion of Mr. Justice ELLIS, the strict common law rule was that a motion for judgment *non obstante veredicto* could only be interposed by a plaintiff, but this rule appears to have been relaxed in the case of Williams v. Hines, 80 Fla. 690, 68 So. 695, where, under the somewhat peculiar facts of that case, this remedy was held available to the defendant. It was also the rule at common law that a judgment *non obstante veredicto* must be based solely upon matters appearing upon the face of the record, and that the evidence could not be looked to in determining a motion for such judgment. It was not therefore the appropriate remedy where a verdict was against the weight of, or unsupported by, the evidence. 11 Ency. of Pldg. and Prac., 917; 33 C. J. 1183. It is thus apparent that a judgment *non obstante veredicto* at common law was merely one species of a judgment on the pleadings. Accordingly, it was an easy step to relax the rule and hold that a judgment might be rendered on the pleadings for either party entitled to it thereby, irrespective of the verdict, and this is now the rule in many jurisdictions; in fact, it appears to be the prevailing rule. 33 C. J. 1179-1180; Ency. of Pldg. and Prac. 914, 1030. A general treatment of this subject will be found in 33 C. J. 1177-1188, and Crandall's Fla. Common Law Prac., Section 490; and some of our own cases dealing with the appropriateness of this remedy where parties have

gone to trial upon pleas of confession and avoidance setting up immaterial issues are: Hyer v. Vaugh, 18 Fla. 647; Jones v. Shomaker, 41 Fla. 232, 26 So. 191, and Peoples Nat. Bank v. Magruder, 77 Fla. 235, 81 So. 440. See also Gregory v. McNealy, 12 Fla. 578, and Edgar v. Bacon, 97 Fla. 679, 122 So. 107; Ruff v. G. S. & F. Railway Co., 67 Fla. 224, text 232, 64 So. 782, text 785."

Nor did the majority opinion in Pillet v. Ershick hold that Section 4615 C. G. L. had in fact changed the common law rule "that a motion for such a judgment cannot be interposed by a defendant." It was merely stated that such rule "has not been abolished by statute nor relaxed by the decisions of this Court except in so far as Section 4615, Comp. Gen. Laws of 1927, as construed by this Court, may be considered an abandonment or relaxation of the rule.'"

The section referred to, 4615 C. G. L., merely provides that when the appellate court reverses an order granting a new trial (thus holding that the motion for new trial as made in the lower court should not have been granted, and that the original verdict should not have been set aside on such a motion), the appellate court shall direct final judgment to be entered in the court below for the party who had obtained the verdict, "unless a motion in arrest of judgment, or for judgment *non obstante veredicto,* shall be made and prevail." But not a word is said which even intimates that the Legislature intended to change the well established grounds upon which the two varieties of motions referred to by the statute must be based, and only upon which grounds such motions could rightfully and lawfully "be made and prevail." By this last clause of the statute, it was held in Ruff v. G. S. & F. Ry. Co., 67 Fla. 224, 64 So. 782, the statute merely "recognizes the common law right to have judgment rendered in accordance with the pleadings."

The rule of construction is well settled that where statutes are in derogation of the common law, they should be strictly construed, and that statutes will not be held to have changed well settled common law principles by implication unless the implication is clear, or is necessary to give the express provisions of the statute, and the public policy thus established, full force and effect. There is therefore no good reason for holding that Section 4615 C. G. L., either expressly or by implication, has changed the grounds or scope of motions for judgments *non obstante veredicto* as they existed at the time the statute was adopted.

Florida is what is known as a "common law State." By an early statute we adopted the common law of England where not inconsistent with our own Constitution and laws.

At common law the scope of this motion for judgment *non obstante veredicto* was a narrow one. Nor do we really need to widen it; for, with our motions for affirmative charges, and for instructed verdicts, and our motions for new trial, all questions based on evidence in a case, or the lack of it, can be readily tested and remedied; and by our system for settling the form and sufficiency of pleadings before trial; and our liberal statute as to amendments, even during the trial, and our motions for allowance of repleader in proper cases, and our motions for judgment *non obstante veredicto* on common law grounds, and motions in arrest of judgment, all material insufficiencies or fatal defects in pleadings can easily be remedied without widening the scope of judgments *non obstante veredicto*.

Now at common law, only a plaintiff could make a motion for judgment *non obstante veredicto*, and then only when the defendant's plea confessed the cause of action and set up matters in avoidance which were insufficient, although found true, to constitute either a defense or a bar to the

action. The motion was founded entirely upon the face of the pleadings; never upon the evidence. Where plaintiff's pleadings would not support a judgment upon a verdict in his favor, defendant's remedy was by motion in arrest of judgment. Saunders on Pldg. & Evidence, Vol. 2, 766-767. Shinn's Pleading & Practice, Vol. 2, Sec. 984; Andrews' Stephen on Pleading (2d ed.), Sec. 127; Crandall's Fla. Common Law Prac., Sec. 490; 33 C. J. 1178, *et seq.;* 15 R. C. L. 606, *et seq.;* 11 Encyc. Pldg. & Prac., 912, *et seq.;* Note, 12 L. R. A. (N. S.) 1021; Gregory v. McNealy, 12 Fla. 578; Hyer v. Vaughn, 18 Fla. 647; People's Nat'l Bank v. Magruder, 77 Fla. 235, 81 So. 440; Slocum v. N. Y. Life Ins. Co., 228 U. S. 364, 57 L. Ed. 879. While not directly and completely in point here, see also as highly persuasive in this connection Evans v. Kloeppel, 72 Fla. 267, 73 So. 180; Johnston v. Campbell, 100 Fla. 393, 129 So. 765; Bond v. Hewitt, 111 Fla. 180, 149 So. 606; Berger v. Mabry, 113 Fla. 31, 151 So. 302; Norwich Union Indemnity Co. v. Willis, 168 So. 417, 124 Fla. 138.

Professor Crandall, in his work on Florida Common Law Practice, in Sec. 490, above cited, has this to say on the subject:

"Where a verdict has been rendered upon an issue framed upon a plea of avoidance which is insufficient in law, the plaintiff should move for, and the court should enter a judgment *non obstante veredicto.* It matters not whether the verdict is for the plaintiff or for the defendant, or upon the record the plaintiff's cause of action stands confessed, the plea having admitted the allegations of the declaration and not avoided them. The judgment, therefore, is as upon confession. If the verdict is in plaintiff's favor, it would be erroneous to enter judgment upon it for it has been secured upon an immaterial issue. The plaintiff should see

that the record supports his judgment. It is the proper remedy only where the plea confesses the action and wholly fails to avoid it. It follows that the motion is available only to the plaintiff and to him only under the circumstances named. If the defendant files an insufficient plea which does not confess the facts alleged in the plaintiff's declaration and a trial is had, the plaintiff should move for a repleader. Where plaintiff's pleadings will not support a verdict in his favor, the defendant should move in arrest of judgment.

"After the entry of the judgment *non obstante veredicto* the damages should be assessed as in cases of default judgments. In many jurisdictions by statute and also by a relaxation of the common law, a motion for judgment *non obstante veredicto* may be made by either party when, upon the pleadings, he is entitled to judgment. No such relaxation is provided by the statutes of this State and the Supreme Court has manifested no tendency to inaugurate such a practice by judicial decision."

As the evidence cannot be looked to in determining whether the trial court in this case was justified in granting the motion for judgment *non obstante veredicto,* no bill of exceptions was necessary to test the correctness of that ruling on this writ of error. As above shown, such a judgment is merely a species of a judgment on the pleadings.

The case of Williams v. Hines, 81 Fla. 690, 86 So. 695, wherein a judgment *non obstante* was upheld, while up to that time somewhat in a class by itself, was in reality a judgment upon the record. In that case, the defendant and its engineer were joined as parties defendant in an action of tort wherein the employer was by the declaration sought to be held liable solely for the expressly alleged negligence of the co-defendant employee alone. The verdict

was in favor of the employee and against the employer. An inspection of the record of the pleadings, which consisted of the declaration and the plea of the general issue, and the record of the verdict, showed that as a matter of law the verdict exonerating the employee necessarily in legal effect exonerated the employer also, and hence the motion for judgment notwithstanding the verdict required no examination of the evidence and no invasion of the province of the jury. If indeed there was any technical error in granting the motion in that case, it was error without injury. This case was cited and followed in the case of Atlantic Coast Line R. Co. v. Canday, 122 Fla. 447, 165 So. 629, which was quite similar case, and mainly based upon the same fundamental principle.

The holding in Edgar v. Bacon, 97 Fla. 679, 122 So. 107, was that the motion for judgment *non obstante* should be made before the entry of judgment, and that such a motion, when made three days after the judgment in the case had been entered, came too late. The court in that case did not pass upon the sufficiency of the grounds stated in the motion, as it was not necessary.

This Court has uniformly held that common law principles of pleading obtain in this State except in so far as they have been abrogated or modified by statute; and a careful reading of our previous decisions dealing with this subject bears out the substantial correctness of Prof. Crandall's statement that the common law principles governing motions for, and the granting of, judgments *non obstante veredicto,* not having been changed by statute, nor by judicial decisions, still govern in this jurisdiction.

As pointed out in the concurring opinion in Pillet v Ershick, *supra,* the common law rules hereinabove set forth have been relaxed in many States, but it appears that this

has mainly been brought about by statutes adopted in such States. See 33 C. J. 1179, and note to Kirk v. Salt Lake City, 89 Pac. 458, 12 L. R. A. (N. S.) 1021; and 15 R. C. L. 608.

Assuming for the sake of argument that this Court has the power, without legislative action, to change the common law rules on this subject, and to hold that a judgment notwithstanding. the verdict can properly be entered in favor of the defendant where the trial court is of the opinion that the evidence fully proves one or more of the defendant's pleas in bar, we would not be justified in doing so, because to so hold would be an unwarranted impairment of the right of trial by jury.

Our present Constitution of 1885 provides that: "The right of trial by jury shall be secured to all, and remain inviolate forever." (Sec. 3, Declaration of Rights.) Our first Constitution, known as the Constitution of 1838, though it did not become effective until Florida was admitted into the Union in 1845, provided that "the right of trial by jury shall forever remain inviolate." Similar provisions were embraced in the Constitutions of 1861, 1865 and 1868. This constitutional right has been carefully protected and enforced by this Court. Some of the cases are: Hughes v. Hannah, 39 Fla. 365, 22 So. 613; Trustees of I. I. Fund v. Gleason, 39 Fla. 771, 23 So. 539; McMillan v. Wiley, 45 Fla. 487, 33 So. 993; Cowan v. Skinner, 52 Fla. 486, 42 So. 730; Carney v. Stringfellow, 73 Fla. 700, 74 So. 866; Gravette v. Turner, 77 Fla. 311, 81 So. 476; Citizens, etc., Nat'l Bank v. L. & N. R. Co., 80 Fla. 319, 85 So. 916. The constitutional provisions above referred to guarantee the right to trial by jury in those cases in which such right was enjoyed when the Constitution of 1838 became effective in 1845. Camp Phosphate Co. v. Anderson, 48 Fla. 226,

37 So. 722; Hawkins v. Rellim Inv. Co., 92 Fla. 784, 110 So. 350. Giving due consideration to this constitutional right, this Court, speaking through Mr. Justice WHITFIELD, in Gravette v. Turner, *supra,* held that the Court should never direct a verdict for one party unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. That where there is room for a difference of opinion between reasonable men as to the proof or facts from which an ultimate fact is to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts, the Court should submit the case to the jury. That the credibility and probative force of conflicting testimony was a question for the jury and should not be determined by the Court on motion for directed verdict.

The 7th amendment to the Constitution of the United States, which guarantees the right of trial by jury, is of course only binding upon the Federal Courts. Yet the Federal decisions construing it have been frequently helpful and persuasive in construing State constitutional provisions of like import. A quotation from the well considered opinion in Slocum v. N. Y. Life Ins. Co., *supra,* is apposite to the question here presented. In part, it reads:

"These decisions make it plain, first, that the action of the Circuit Court of Appeals in setting aside the verdict and assuming to pass upon the issues of fact, and to direct a judgment accordingly, must be tested by the rules of the common law; second that while under those rules that court could set aside the verdict for error of law in the proceedings in the Circuit Court, and order a new trial, it could not itself determine the facts; and third that when the verdict was set aside there arose the same right of trial by jury

as in the first instance. How, then, can it be said that there was not an infraction of the 7th amendment? When the verdict was set aside the issues of fact were left undetermined, and until they should be determined anew no judgment on the merits could be given. The new determination, according to the rules of the common law, could be had only through a new trial, with the same right to a jury as before. Disregarding those rules, the Circuit Court of Appeals itself determined the facts, without a new trial. Thus, it assumed a power it did not possess, and cut off the plaintiff's right to have the facts settled by the verdict of the jury.

"While it is true, as before said, that the evidence produced at the trial was not sufficient to sustain a verdict for the plaintiff, and that the Circuit Court erred in refusing so to instruct the jury, this does not militate against the conclusion just stated. According to the rules of the common law, such an error, like other errors of law affecting a verdict, could be corrected on writ of error only by ordering a new trial. In no other way could an objectionable verdict be avoided and full effect given to the right of trial by jury as then known and practiced. And this procedure was regarded as of real value, because, in addition to fully recognizing the right, it afforded an opportunity for adducing further evidence rightly conducing to a solution of the issues. In the posture of the case at bar the plaintiff is entitled to that opportunity, and for anything that appears in the record it may enable her to supply omissions in her own evidence or to show inaccuracies in that of the defendant, which will rightly entitle her to a verdict and judgment in her favor.

"We do not overlook the fact that at common law there were two well-recognized instances in which the verdict could be disregarded and the case disposed of without a

new trial. One was where the defendant's plea confessed the plaintiff's cause of action and set up matter in avoidance which, even if true, was insufficient in law to constitute a bar or defense; and the other was where the plaintiff's pleading, even if its allegations were true, disclosed no right of recovery. If in either instance a verdict was taken, the court nevertheless could make such disposition of the case as was required by the state of the pleadings, and this because the issues settled by the verdict were wholly immaterial. In the first instance the court's action was invoked by a motion for a judgment *non obstante veredicto,* and in the latter by a motion to arrest judgment on the verdict. Thus we find it said in Smith's Action at Law, 12th ed., p. 147, a recognized authority on common law procedure: 'A motion for judgment *non obstante veredicto* is one which is only made by a plaintiff. * * * It is given when, upon an examination of the whole pleadings, it appears to the court that the defendant has admitted himself to be in the wrong, and has taken issue on some point which, though decided in his favor by the jury, still does not at all better his case. A motion in arrest of judgment is the exact reverse of that for judgment *non obstante veredicto.* The applicant in the one case insists that the plaintiff is entitled to the judgment of the court, although a verdict has been found against him; in the other case, that he is not entitled to the judgment of the court, although a verdict has been delivered in his favor. Like the motion for judgment *non obstante veredicto,* that in arrest of judgment must always be grounded upon something apparent on the face of the pleadings.' To the same effect are 1 Chitty, Pl. 687; Stephen, Pl. 96-98; Rand v. Vaughn, 1 Bing. N. C. 767, 1 Scott, 670, 1 Hodges, 173, 4 L. J. C. P. N. S. 239; Pim v. Grazebrook, 2 C. B. 429, 444; Schermerhorn v. Schermerhorn, 5 Wend. 513;

Pellows v. Shannon, 2 Hill, 86; McFerran v. McFerran, 69 Ind. 29, 32; Lewis v. Foard, 112 N. C. 402, 17 S. E. 9; Manning v. Orleans, 42 Neb. 712, 60 N. W. 953; McCoy v. Jones, 61 Ohio St 119, 129, 55 N. E. 219. In Bond v. Dustin, 112 U. S. 604, 28 L. Ed. 835-836, 5 Sup. St. Rep. 296, and Van Stone v. Stillwell & B. Mfg. Co., 142 U. S. 128, 135, 35 L. Ed. 961; 963; 12 Sup. St. Rep. 181, this Court, recognizing that this was the extent of the common law practice, held that a motion in arrest of judgment could not be sustained for an insufficiency in the evidence, but only for a defect apparent on the face of the record proper. Thus, it will be perceived that the rules of the common law, permitting a judgment *non obstante veredicto* and the arrest of judgment on a verdict, did not embrace cases like the present, but only those in which the pleadings presented no material issue requiring a trial or verdict."

A motion for a judgment notwithstanding the verdict does not waive defendant's right to move for a new trial, and hence on reversal of a judgment *non obstante veredicto* the case should be remanded with directions to permit the defendant to move for a new trial if he is so advised. Cockrun v. Kelley, 258 Ill. 276, 101 N. E. 594; Ann. Cas. 1914 B, 609, and cases cited in the opinion and note. The reversal of the judgment *non obstante* in this case leaves the parties in the same situation they would have occupied if the trial court had overruled the motion. The verdict of the jury in this case has never had the approval of the trial court and the merits of the controversy have not been passed upon by this Court.

For these reasons, the judgment *non obstante veredicto* should be reversed and the cause remanded with directions to allow the defendant to move for new trial if it be so advised.

Reversed and remanded.

WHITFIELD, BUFORD and DAVIS, J. J., concur.

ELLIS, C. J., and TERRELL, J., dissent.