NAOMI TALLEY, a widow, v. Q. B. McCAIN.

174 So. 841.
Division B.
Opinion Filed June 4, 1937.

*Shipp, Evans & Kline,* for Plaintiff in Error;
*McKay, Dixon & DeJarnette,* for Defendant in Error.

BROWN, J.—The judgment in this case must be reversed upon the authority of the recent decision of this Court,

handed down during the present term, in the case of Dudley v. Harrison McCready & Co., 127 Fla. 687, 173 So. 820.

There is in this case, however, one question which was not presented in the case above cited, but in our opinion it does not change the result. At the trial, after the close of plaintiff's case, the defendant moved for a directed verdict.

The trial judge announced that he would reserve his ruling on this motion. And at the conclusion of the defendant's case, the defendant renewed his motion for a directed verdict, and the judge again announced that he would reserve his ruling on the motion. The case was then argued before. the jury and the court charged the jury and submitted the case to them. The jury found for the plaintiff and assigned her damages at $10,000.00.

The next day, judgment was entered in favor of the plaintiff on the verdict. On that same day, defendant filed two motions, one for a new trial, and the other for a judgment *non obstante veredicto*. A week later, but during the same term, the trial court, without vacating the judgment theretofore rendered in favor of the plaintiff, granted the motion of the defendant for a judgment *non obstante veredicto*. In its order granting said motion, the court recited the fact that motions had been made during the trial for a directed verdict in favor of the defendant and the court having reserved its ruling thereon, to which no exceptions were taken, and the jury having returned a verdict in favor of the plaintiff, and the court being of the opinion that the plaintiff's evidence was not sufficient to sustain a verdict in favor of the plaintiff, the court upon further consideration of the motion for a directed verdict and motion for judgment *non obstante veredicto,* and being of the opinion. that said motion for a directed verdict should have been granted, that therefore the motion for judgment *non obstante veredicto*

should be granted, and a judgment pursuant to such motion was entered.

It is contended by defendant in error that this judgment *non obstante veredicto,* based not upon the record, but upon the court's opinion that the evidence was not sufficient to sustain the verdict, was properly granted under the doctrine laid down in the case of Baltimore & Carolina Line v. Redman, 295 U. S. 654, 79 L. Ed. 1636. If the rule laid down in that case could obtain under our Florida system of jurisprudence, the proceedings in this case do not bring it within such rule. In that case it was held at common law there was a well established practice of reserving *questions of law* arising during trial by jury and of taking verdicts *subject* to the ultimate ruling on the questions thus reserved. In the Redman case, *supra,* at the conclusion of the evidence, the defendant moved for a dismissal of the complaint because the evidence was insufficient to support a verdict for the plaintiff, and also moved for a directed verdict in its favor on the same ground, and the court reserved its decision on both motions and submitted the case to the jury *subject* to its opinion on the questions reserved, and no objection was made to this mode of proceeding. The case came up from the Southern District of New York, which had a statute embodying the chief features of the common law practice and the trial court conformed to that statute. In the case at bar, the court reserved its ruling made at the conclusion of the plaintiff's testimony, and also at the conclusion of the defendant's testimony, on motions for an instructed verdict in favor of the defendant, but the trial judge did not expressly take the verdict of the jury subject to his ultimate ruling on the questions so reserved. As to the character of questions which may be so reserved, in some jurisdictions, see 33 C. J. 1186, Sec. 115.

Under our statute concerning directed verdicts, Section

4363, and under the practice actually observed for many years in this State, the court should rule on a motion for a directed verdict before submitting the case to the jury. At least he should do this unless he expressly submits the case to the jury subject to his subsequent ruling on the motion for directed verdict, with the consent of the parties to this course of procedure. This is so because out statute, Section 4363, C. G. L., provides that upon the trial of all cases at law, the presiding judge shall charge the jury upon the law of the case; that is, upon some point or points of law arising in the trial of the case. The statute further provides that if, however, after all the evidence shall have been submitted on behalf of the plaintiff in any civil case, or upon behalf of the State in any criminal case, it be apparent to the judge that *no evidence* has been submitted upon which the jury could lawfully find a verdict for the plaintiff in such civil case, or a verdict against the defendant in any criminal case, the judge shall upon motion of the defendant direct the jury to find a verdict for the defendant. The statute also further provides that if, after all the evidence of the parties shall have been submitted, it be apparent to the trial judge that "no sufficient evidence" has been submitted upon which the jury could legally find a verdict for one party, the judge may direct the jury to find a verdict for the opposite party; provided, however, that no verdict shall be directed for the State in a criminal case. This statute manifestly contemplates that if the trial judge directs a verdict for either party, he should do so before charging the jury on the law of the case and submitting the case to the jury for their determination on the issues of fact involved in the case. Whether the trial judge can, *with the consent of the parties,* submit the case to the jury and take their verdict subject to his subsequent action on a reserved ruling upon a motion or mo-

tions for directed verdict, it is not necessary for us here to decide, as that course was not followed in this case.

It must be semembered that in any case, a party moving for a directed verdict, admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. The court should never direct a verdict for one party unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. These principles must be observed in order that due consideration should be given to the organic right of trial by jury. However, although a motion for a directed verdict for one party may be denied, yet in the same case if the trial court is of the opinion that the verdict does not accord with the manifest weight of evidence and the substantial justice of the cause, a new trial should be granted. Thus there is no inconsistency in granting a new trial in a case in which a request for a directed verdict was denied. And an order granting a new trial may be sustained by the appellate court when a directed verdict would not be approved. These principles are laid down in a very clear and able opinion by Mr. Justice WHITFIELD in the case of Gravette v. Turner, 77 Fla. 311, 81 So. 476, and have been followed by a long line of subsequent decisions, down to the present time.

The trial court, under our recent decision in the case of Dudley v. Harrison McCready & Co., *supra,* was in error in granting the motion for judgment *non obstante veredicto.* No ruling was made upon the motion for a new trial, which was filed the same day on which judgment was entered for the plaintiff. As the motion for a new trial was seasonably made, the judgment for the plaintiff could not become final until the motion for a new trial was disposed of; unless the granting of the motion for judgment *non obstante veredicto,*

could be held to be an implied denial of the motion for a new trial. But as we are reversing the judgment of the court granting the latter motion, we will for the purposes of this case deem the motion for a new trial still standing undisposed of. As the two motions of defendant for a directed verdict were not ruled upon by the court within the proper time, as above explained, it is not necessary for us to determine whether the court should have granted those motions before submitting the case to the jury. Upon the facts of this case as disclosed by the record the proper disposition for this Court to make of it is that the judgment *non obstante veredicto,* granted on defendant's motion, and brought before us on this writ of error, should be reversed, and the cause remanded to the trial court with directions to entertain and dispose of the motion for new trial which was seasonably filed by the defendant after the verdict was rendered in the court below. Furthermore, we might observe that a motion for judgment *non obstante veredicto* should always be made before the entry of judgment on the verdict as rendered. Dudley v. Harrison McCready Co., *supra,* and Edgar v. Bacon, 97 Fla. 679, 122 So. 107. See also 33 C. J. 1187.

Reversed and remanded, with directions that the lower court entertain and dispose of the defendant's motion for new trial.

ELLIS, C. J., and TERRELL, BUFORD and DAVIS, J. J., concur.

DAVIS, J. (concurring).—For the most recent opinion of this subject see Aetna Ins. Co. v. Kennedy, 57 S. Ct. 908, 81 L. Ed. ......, decided May 17, 1937, wherein a full discussion is to be found. Conceding the propriety of the practice of submitting a case to a trial jury on a reserved ruling on a motion for directed verdict, *even with consent of the parties,* the limit of the court's authority in the prem-

ises, *after verdict actually rendered,* is to thereafter grant a new trial on the ground that the verdict should have been directed for the opposite party as a matter of law which would therefore make the verdict contrary to law a recognized ground for new trial. I think the Court could grant a new trial without separate motion under such circumstances.