KAHN, Judge.
This is an original petition for certiorari to review the order of the circuit court below granting the respondent’s motion to strike demand for jury trial. Petitioner, The Printing House, Inc., brought a two-count action against the State of Florida, Department of Revenue (DOR), challenging three separate Notices of Proposed Assessment of Tax, Penalty and Interest. These notices resulted from an audit done by DOR for the period June 1, 1985 through May 31, 1989. All three notices are dated December 26, 1989, and all three apply to the same issue regarding tax liability. One assessment is for sales and use tax[1] from 1985 to 1989, one is for local government infrastructure surtax[2] from 1978 through 1989, and one is for criminal justice tax[3] for 1985. The total of the assessments together with penalty and interest through September 4, 1989, is $1,017,620.29 plus interest since September 5, 1989. Petitioner’s complaint is brought pursuant to Chapter 72, Florida Statutes,[4] *1121 and contests the legality of the assessed tax. Pertinent allegations of the complaint include:
11. During the audit period, The Printing House used a process called color separation in order to print color pictures in a number of the publications they produced. The Printing House bought the negatives used in the color separation process from a separate corporate entity, and The Printing House then sold the negatives used in the color separation process to its customers for an amount equal to or greater than The Printing House’s cost for the negatives.
12. During the audit period, The Printing House collected all appropriate taxes on the sale of the subject negatives over to customers of The Printing House, and therefore the ultimate product was properly taxed.
13. The Department of Revenue in its December 2, 1991 Final Position Letter finds that the negatives used by The Printing House, Inc. in the color separation process were purchased and consumed by The Printing House in such process and are therefore subject to taxation.
14. Additionally, The Printing House’s acquisition of the negatives is an exempt transaction under Florida law and, further, the overall creation or production of the color separation negatives is a service and therefore with the exception of a brief period im 1987, such services are exempt from Sales and Use tax.
⅜ ⅜ ⅜ ⅜ ⅛ *
18. The Printing House was audited by the State of Florida, Department of Revenue on at least two occasions prior to the audit period herein. The previous audits were for audit periods April 1, 1975 through March 31, 1978, and July 1, 1979 through June 30, 1982.
19. During the two previous audits by the Department of Revenue, the Department of Revenue determined that no tax liability had been incurred by The Printing House for the purchase of color separation materials in its color separation process, and specifically that no tax liability had been incurred regarding the purchase by The Printing House of such negatives. Such representations by the Department of Revenue in the prior audits directly contradicts (sic) the position taken by the Department of Revenue in the later audit period upon which the instant tax assessment is based. The Printing House relied on the previous *1122 representations by the Department of Revenue, and did not change any procedures nor policies following the two previous audits.
20. If the previous audits by the Department of Revenue had placed The Printing House on notice that such methods during the color separation process would be subject to a tax assessment, The Printing House would have changed or altered its method of documenting such purchases by it for resale purposes of the negatives. As such, and in reliance on representations by the Department of Revenue, The Printing House has maintained its methods and procedures which the Department of Revenue finds to be detrimental to its financial interest in that the Department of Revenue now seeks to assess taxes based on such practices and procedures.
Certiorari is the appropriate remedy for review of an interlocutory order which erroneously denies a jury trial. Quality Coffee Service Inc. v. Tallahassee Coca-Cola Bottling Co., 474 So.2d 427 (Fla. 1st DCA 1985). If there is any question as to whether a party is afforded the right to a jury trial, such question should be resolved, if at all possible, in favor of the party seeking a jury trial. Hollywood, Inc. v. City of Hollywood, 321 So.2d 65 (FIa.1975). In the present case it is uncontested that petitioner timely demanded a jury trial at the time of filing its complaint. We find that the circuit court’s order striking the demand for jury trial at this stage of the proceedings was a departure from the essential requirements of law, and thus we grant the writ of certiorari.
Chapter 72 of the Florida Statutes, entitled “Tax Matters,” allows a taxpayer to contest the legality of certain assessments, including the types involved in the present case, by filing an action in circuit court, or alternatively by filing a petition under the applicable provisions of Chapter 120, Florida Statutes. § 72.011, Fla.Stat. (1991).
The DOR as respondent argues that “the right to a jury trial does not apply in tax cases, as the right and remedy is (sic) equitable in nature.” DOR points out that “tax cases” have been made the subject of equity jurisdiction by section 68.01, Florida Statutes, and therefore a statutory right to jury trial does not apply. DOR further directs our attention to Robbins v. Section 3 Property Corp., 609 So.2d 670 (Fla. 3d DCA 1992) (question certified), which finds no right to a jury trial in a property tax case involving the grant of an agricultural exemption. Robbins construed section 194.171, Florida Statutes (1991), as providing a remedy in equity and not allowing a jury trial.
Chapter 72, by its terms, applies to certain enumerated classes of taxes, fees, surcharges, permits, interest, and penalties, and does not encompass challenges to proposed property taxes. Judicial and administrative review of proposed property taxes, pursuant to notice provided under section 200.069, Florida Statutes (1991), is exclusively by administrative or judicial review as set out in Chapter 194, Florida Statutes. Accordingly, we find that case law adjudicating the right to jury trial in a proceeding pursuant to section 194.171, Florida Statutes (1991), or its predecessors,[5] is not controlling as to the question now presented. On this basis, we distinguish Day v. City of St. Augustine, 104 Fla. 261, 139 So. 880 (Fla.1932), in which the court found that Chapter 8586, Acts of 1921, General Laws, the earliest predecessor to section 194.171, Florida Statutes (1991), conferred jurisdiction in tax cases upon “courts of equity.” 139 So. at 883.
While section 72.011(1), Florida Statutes (1991), provides for circuit court jurisdiction in challenges to certain specified taxes and assessments, section 68.01, Florida Statutes (1991), dating back to 1848,[6] provides in general terms that when an assessment is made against any person or corpo *1123 ration, and payment is refused on an allegation of illegality of the assessment, the person or corporation may file an action in chancery seeking a determination that the assessment is illegal. The scope of cases involving challenges as contemplated by section 68.01, and its predecessors, have historically been narrow. Louisville & Nashville R.R. Co. v. Bd. of Public Instruction for Jackson County, 50 Fla. 222, 39 So. 480 (1905).
In the present case DOR argues that section 68.01 controls our determination of whether section 72.011(1) contemplates a jury trial. We are cited to no instances, however, in which the procedure contemplated by section 68.01 has been applied to a proceeding brought pursuant to section 72.011(1). We have also taken note that the type of tax challenge brought by The Printing House in this case, pursuant to section 72.011(1), is not by statute denominated as an action in equity or at chancery. Accordingly, we view the question of whether a jury trial is available in a section 72.011(1) proceeding as a matter of first impression.
In Article I, section 22, Florida Constitution,[7] the right to jury trial is preserved in all cases in which such right was enjoyed at the time Florida’s Constitution became effective in 1845. Dudley v. Harrison, McCready & Co., 127 Fla. 687, 173 So. 820 (1937). The fact that section 72.011 is of fairly recent vintage is not determinative. Florida’s constitutional jury trial guarantee is not limited to those specific proceedings in which the right existed before the adoption of the state constitution, but should be extended to proceedings of like nature as they arise. Wiggins v. Williams, 36 Fla. 637, 18 So. 859 (1896). Accordingly, the court will look at the nature of the controversy between the parties and its fitness to be tried by jury according to the rules of the common law to determine whether the right to trial by jury exists in a given action. In re Forfeiture of 1978 Chevrolet Van, 493 So.2d 433 (Fla. 1986). While the seventh amendment to the United States Constitution[8] is only binding upon federal courts, Florida courts should look to federal decisions construing the right to jury trial under the United States Constitution. Id.
With the foregoing matters in mind, we find guidance in the following language from a federal decision:
The English case law demonstrates that the common law right to a jury trial predates the Seventh Amendment and any federal statutes. We are persuaded that the right of a taxpayer to a jury trial in refund cases is rooted in the common law and was preserved by the Seventh Amendment.
United States v. State of New Mexico, 642 F.2d 397, 401 (10th Cir.1981). We have not ignored DOR’s contention that this case is not a “refund case.” Pursuant to statute, The Printing House obtained a waiver from DOR with regard to the requirement that the taxpayer, prior to bringing an action in circuit court, must either make payment of the contested amount into the court registry, including penalties and accrued interest, or file a sufficient cash bond or surety along with the complaint. § 72.011(3)(b). The waiver obtained by The Printing House from the DOR is recognized by the statute as an alternative means of satisfying the prerequisites to suit. Accordingly, we view this matter as in the posture of a refund case.
At common law, an action to challenge the amount of a tax assessment before the tax was collected did not implicate the right to a jury trial because the collection did not involve the judicial function. Kirst, Administrative Penalties and the Civil Jury: The Supreme Court’s Assault on the Seventh Amendment, 126 U.Pa.L.Rev., 1281, 1316-1317 (1978). The common law *1124 in 1791, the date of the ratification of the Bill of Rights (including the Seventh Amendment), did recognize the right of a taxpayer to jury trial in an action against the collector “to determine whether the alleged tax is owed in an action brought to recover a tax after it has been paid.” Id. at 1338.
The Florida Legislature, by enacting section 72.011 in 1981,[9] authorized an administrative procedure for contesting tax assessments, but explicitly excepted from this administrative procedure “actions for refund of taxes previously paid.” Florida Export Tobacco Co., Inc. v. Dep’t of Revenue, 510 So.2d 936, 954 (Fla. 1st DCA 1987), rev. denied, 519 So.2d 986 (Fla.1987). In analogizing this statutory scheme to federal procedure available under the Internal Revenue Code, this court observed:
Moreover, this statutory scheme substantially parallels the federal practice and procedure regarding income taxes under the Internal Revenue Code. See 1 Fla. State & Local Taxes, paragraph 10.04[1] (Fla.Bar 1984). Notably, the federal procedure requires that refund actions be filed in federal district courts (where a jury trial may be obtained) or in the Court of Claims.
Id. at 954-955 (parentheticals included in original, footnotes omitted).
The Florida Bar publication, Florida State & Local Taxes, referred to in the foregoing passage, provides:
The 1885 Florida Constitution provided that the circuit courts had original jurisdiction in all cases involving taxes and tolls. The executory statute relating to ad valorem taxes provided that such cases would be tried in chancery. With regard to other types of taxes, some of the provisions enumerated earlier specifically called for a trial in equity while others did not. When the 1968 Constitution was adopted, the provision relating to tax cases became statutory. The legislature then amended the ad valorem statute to provide, ‘[t]he circuit courts have original jurisdiction at law of matters relating to property taxes.’ The fate of the other tax provisions was discussed supra in § 10.04[2], At any rate, the notion has long prevailed that all tax cases are in equity and therefore are to be tried by a judge without a jury. That seems clearly erroneous in the ad valo-rem area, and there is nothing to support that view in § 72.011, Florida Statutes.
Fla. State & Local Taxes, Vol. I, paragraph 10.04(5)(b) (The Florida Bar) (footnotes omitted) (emphasis in original).
We note the extremely early stage of this proceedings at which time the trial court struck The Printing House’s demand for a jury trial. The Printing House strenuously argues that factual issues requiring resolution by a jury are adequately raised by its complaint. We further note that, on occasion, a given lawsuit will present both equitable and legal claims in the same proceeding. “It is ... clear that the mixture of the two kinds of claims in the same case, regardless of the parties by whom or the sequence in which they are raised by their respective pleadings, cannot deprive either of the parties of a right to a jury trial of issues traditionally triable by jury as a matter of right.” Padgett v. First Fed. Sav. & Loan Ass’n of Santa Rosa County, 378 So.2d 58, 64 (Fla. 1st DCA 1979).
We grant the writ of certiorari and quash the order striking The Printing House, Inc.’s demand for jury trial.

. Ch. 212, Fla.Stat.

. id.

. Id.

. Section 72.011, Florida Statutes (1991), provides:
72.011 Jurisdiction of circuit courts in specific tax matters; administrative hearings and appeals; time for commencing action; parties; deposits.—
(1) A taxpayer may contest the legality of any assessment or denial of refund of tax, fee, surcharge, permit, interest, or penalty provided for under s. 125.0104, s. 125.0108, chapter 198, chapter 199, chapter 201, chapter 203, chapter 206, chapter 207, chapter 211, chapter 212, chapter 213, chapter 220, chapter 221, s. 336.021, s. 336.025, s. 336.026, s. 370.07(3), chapter 376, s. 403.717, s. 403.718, s. 403.7185, s. 403.7195, s. 538.09, s. 538.25, chapter 624, or s. 681.117 by filing an action in circuit court; or, alternatively, the taxpayer may file a petition under the applicable provisions of chapter 120. However, once an action has been initiated under s. 120.56, s. 120.565, or s. 120.57, no action relating to the same subject matter may be filed by the taxpayer in circuit court, and judicial review shall be exclusively limited to appellate review pursuant to s. 120.-68; and once an action has been initiated in *1121 circuit court, no action may be brought under chapter 120.
(2) No action may be brought to contest an assessment of any tax, interest, or penalty assessed under a section or chapter specified in subsection (1) after 60 days from the date the assessment becomes final. No action may be brought to contest a denial of refund of any tax, interest, or penalty paid under a section or chapter specified in subsection (1) after 60 days from the date the denial becomes final. The Department of Revenue or, with respect to assessments or refund denials under chapter 207, the Department of Highway Safety and Motor Vehicles, shall establish by rule when an assessment or refund denial becomes final for purposes of this section and a procedure by which a taxpayer shall be notified of the assessment or refund denial. It is not necessary for the applicable department to file or docket any assessment or refund denial with the agency clerk in order for such assessment or refund denial to become final for purposes of an action initiated pursuant to this chapter or chapter 120.
(3) In any action filed in circuit court contesting the legality of any tax, interest, or penalty assessed under a section or chapter specified in subsection (1), the plaintiff must:
(a) Pay to the applicable department the amount of the tax, penalty, and accrued interest assessed by such department which is not being contested by the taxpayer; and either (b)l. Tender into the registry of the court with the complaint the amount of the contested assessment complained of, including penalties and accrued interest, unless this requirement is waived in writing by the executive director of the applicable department; or 2. File with the complaint a cash bond or a surety bond for the amount of the contested assessment endorsed by a surety company authorized to do business in this state, or by any other security arrangement as may be approved by the court, and conditioned upon payment in full of the judgment, including the taxes, costs, penalties, and interest, unless this requirement is waived in writing by the executive director of the applicable department. Failure to pay the uncontested amount as required in paragraph (a) shall result in the dismissal of the action and imposition of an additional penalty in the amount of 25 percent of the tax assessed.

. In 1969 the legislature enacted Chapter 69-140, Laws of Florida, section 6, which reworded section 196.01, Florida Statutes, to clarify that circuit courts have original jurisdiction at law of all matters relating to property taxation.

. Laws 1848, c. 151, section 4.

. "The right of trial by jury shall be secured to all and remain inviolate. The qualifications and the number of jurors, not fewer than six, shall be fixed by law.”

. "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.”

. Ch. 81-178, § 11.