644 So.2d 498 (1994)
DEPARTMENT OF REVENUE, Petitioner,
v.
The PRINTING HOUSE, Respondent.
No. 81602.
Supreme Court of Florida.
October 20, 1994.
Rehearing Denied January 10, 1995.
*499 Robert A. Butterworth, Atty. Gen., and Lisa M. Raleigh and Lealand L. McCharen, Asst. Attys. Gen., Tallahassee, for petitioner.
Lorence Jon Bielby of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Tallahassee, for respondent.
Larry E. Levy, Tallahassee, amicus curiae for the Honorable C. Raymond McIntyre, Highlands County Property Appraiser, and as President of the Property Appraisers' Ass'n of Florida.
SHAW, Justice.
We have for review the decision of the district court of appeal certifying the following question:
IS A TAXPAYER ENTITLED TO A JURY TRIAL, PURSUANT TO ARTICLE I, SECTION 22 OF THE FLORIDA CONSTITUTION, IN A TAX REFUND CASE UNDER SECTION 72.011(1), FLORIDA STATUTES, WHERE ONE OF THE CONDITIONS OF SECTION 72.011(3), FLORIDA STATUTES, HAS BEEN MET?
Printing House, Inc. v. Department of Revenue, 614 So.2d 1119 (Fla. 1st DCA 1992). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We hold that a taxpayer has no right to a jury trial when contesting tax assessments, but a taxpayer who pays the assessment under protest and requests a refund is entitled to a jury trial, as is a taxpayer who challenges a punitive civil penalty. The decision of the district court is approved in part and quashed in part.
The Printing House, Inc. (PHI) challenged three separate Notices of Proposed Assessment of Tax, Penalty and Interest issued by Florida's Department of Revenue (DOR).[1] *500 The circuit court granted DOR's motion to strike PHI's request for a jury trial to determine the legality of the assessed tax. The district court quashed the circuit court's order and certified the above question.
A right to a jury trial "shall be secure to all and remain inviolate." Art. I, § 22, Fla. Const. These words guarantee Floridians the right to a jury trial "in those cases in which the right was enjoyed at the time this state's first constitution became effective in 1845." In re Forfeiture of 1978 Chevrolet Van, 493 So.2d 433, 434 (Fla. 1986). When we have been called upon to interpret article I, section 22 of the Florida Constitution, we have found guidance in the Seventh Amendment to the United States Constitution. In Chevrolet Van, we stated that "[a]lthough the seventh amendment guarantee to the right of trial by jury is only binding upon federal courts, ... federal decisions construing it are helpful and persuasive in construing this state's constitutional provision of like import." 493 So.2d at 434; see also Dudley v. Harrison, McCready & Co., 127 Fla. 687, 173 So. 820, 825 (1937). Now, as in prior times, we seek guidance from previous interpretations of the Seventh Amendment. The amendment states:
In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.
U.S. Const. amend. VII.
To properly answer the certified question, we must determine whether at the time Florida's first constitution became effective there existed a common law right to a jury trial.[2]

Tax Assessments and Tax Refunds
In England, during the sixteen and seventeen hundreds, there were three forms of taxation  the King's ordinary revenue tax, the local tax, and the King's extraordinary revenue tax. Roger W. Kirst, Administrative Penalties and the Civil Jury: The Supreme Court's Assault on the Seventh Amendment, 126 U.Pa.L.Rev. 1281, 1313 (1978).[3] Extraordinary revenue was, in part, derived from a tax on land, customs on merchandise imports and exports, and an internal excise duty. Id. If a taxpayer failed to pay the assessed tax, the local tax collector could seize and sell the taxpayer's goods or chattels. Id. at 1316. This process of assessing and collecting the tax was a local administrative function that did not involve jury trials. Id. After the tax was collected, the taxpayer had a common law action, against the collector, challenging liability for the tax. Id. at 1317. Such actions involved a jury trial. Id. at 1319-20; see also, United States v. New Mexico, 642 F.2d 397, 401 (10th Cir.1981) ("[T]he right of a taxpayer to a jury trial in refund cases is rooted in the common law and was preserved by the Seventh Amendment.").[4] Since neither the common law nor the state or federal constitutions guarantee the right to a jury trial to challenge the amount of a non-judicial tax assessment, we find that no such right exists. It is equally clear that a taxpayer who pays the assessment under protest and seeks a refund is entitled to have a jury decide the issue.
Turning to the instant case, we find that this is not a refund case and consistent with our determination, there is no right to a jury trial to challenge the tax assessment. *501 PHI has no constitutional right to have a jury determine the validity of DOR's tax assessments.[5] PHI's options under section 72.011(3) included either tendering the contested amount plus penalties and accrued interest into the court registry or having DOR waive payment pending the contestation. In picking the latter option, PHI asserts that the DOR waiver is the functional equivalent of payment, placing the taxpayer in the position of one who has paid the tax under protest and is requesting a refund. We disagree. The common law right to a jury trial in tax cases attached after the taxpayer paid the tax or had goods or chattel seized by the tax collector. Both of these methods caused the taxpayer to "give up something," i.e., the taxpayer was deprived of an asset. In this instance no such deprivation has occurred. However, since we have not previously addressed the impact of a DOR waiver on a taxpayer's right to a jury trial, we will honor PHI's request that they be afforded an opportunity to pay the contested amount into the registry and proceed with a trial by jury. Future cases shall not have this option.

Tax Penalties
We find Tull v. United States, 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987), dispositive on the issue of civil penalties. Under English common law, some civil penalties were imposed as punishment, while others were imposed to extract compensation or restore the status quo. 481 U.S. at 422, 107 S.Ct. at 1838. Punitive civil penalties were issuable only from courts of law, where trial by jury was customary. Id.
The penalty in this instance is imposed pursuant to section 212.12, Florida Statutes (1991), which provides, in part:
When any person, firm, or corporation required hereunder to make any return or to pay any tax or fee imposed by this chapter fails to timely file such return or fails to pay the tax or fee due within the time required hereunder, in addition to all other penalties provided herein and by the laws of this state in respect to such taxes or fees, a specific penalty shall be added to the tax or fee in the amount of 5 percent of any unpaid tax or fee if the failure is for not more than 30 days, with an additional 5 percent of any unpaid tax or fee for each additional 30 days, or fraction thereof, during the time which the failure continues, not to exceed a total penalty of 25 percent, in the aggregate, of any unpaid tax or fee. In no event may the penalty be less than $5 for failure to timely file a tax return required by s. 212.11. In the case of a false or fraudulent return or a willful intent to evade payment of any tax or fee imposed under this chapter, in addition to the other penalties provided by law, the person making such false or fraudulent return or willfully attempting to evade the payment of such a tax or fee shall be liable for a specific penalty of 50 percent of the tax bill or fee and for fine and punishment as provided by law for a conviction of a misdemeanor of the first degree.
§ 212.12(2)(a). We find that the twenty-five percent penalty is a mechanical computation based on the number of days the tax was unpaid, whereas the fifty percent penalty is imposed as a means of punishment for false, fraudulent or willfully improper conduct, the latter being a factual determination. Given this distinction, we find that a taxpayer is entitled to a jury trial when the state seeks to impose the fifty percent penalty. PHI is therefore entitled to have its liability for the penalty determined by a jury if the state is seeking to impose the fifty percent penalty.[6]
We approve the district court's decision but disapprove its reasoning to the extent that it conflicts with this opinion. This case is remanded for proceedings consistent with this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, KOGAN, HARDING and WELLS, JJ., concur.
NOTES
[1] The notices, all dated December 26, 1989, resulted from a DOR audit which covered the period June 1, 1985, through May 31, 1989. One assessment is for sales and use tax from 1985 to 1989, one is for local government infrastructure surtax from 1978 through 1989, and one is for the 1985 criminal justice tax. See generally, Chapter 212, Fla. Stat. (1991).
[2] Florida adopted the laws of England as follows:

2.01 Common law and certain statutes declared in force. The common and statute laws of England which are of a general and not a local nature, with the exception hereinafter mentioned, down to the 4th day of July, 1776, are declared to be of force in this state; provided, the said statutes and common law be not inconsistent with the Constitution and laws of the United States and the acts of the Legislature of this state.
§ 2.01, Fla. Stat. (1991).
[3] Ordinary revenue was generated from rents, shipwrecks, treasure-troves, etc. The local tax was locally collected and spent under the authority of the Parliamentary statutes. Kirst, supra, at 1313-14.
[4] A common law right to a jury trial against a tax collector should not be confused with the lack of a common law right to a jury trial against the sovereign. In this instance the suit is against the collector, not the sovereign.
[5] The taxes were levied under chapter 212, Florida Statutes (1991), which does not involve the judicial process.
[6] This entitlement must not be confused with a right to have a jury determine the amount of the penalty. Tull, 481 U.S. at 427, 107 S.Ct. at 1840-41.