NELL GRAVETTE, *Plaintiff in Error*, v. A. E. TURNER, TRADING AS A. E. TURNER & COMPANY, *Defendant in Error.*

Opinion filed March 29, 1919.

1. In determining whether error was committed in directing a verdict, due consideration should be given the organic right of trial by jury.  Otherwise fundamental principles may be subordinated to procedure or convenience.

2. The considerations and legal principles that guide the judicial discretion in directing a verdict and in granting a new trial on the evidence are not the same.

3. In directing a verdict, the court is governed practically by the same rules that are applicable to demurrers in evidence.

4. A party moving for a directed verdict, admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.

5. When the facts are not in dispute, and the evidence, with all the inferences that a jury may lawfully deduce from it, does not, as a matter of law, have a tendency to es-

tablish the cause of action alleged, the judge may direct a verdict for the defendant. But the court should never direct a verdict for one party unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law.

6. Where there is room for a differenece of opinion between reasonable men as to the proofs or facts from which an ultimate fact is sought to be established, or where there is room for such difference which might be drawn from conceded facts, the court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail, and not primarily the views of the judge.

7. In an action for negligence where there is any substantial testimony from which the jury could find the issues in favor of the plaintiff, a peremptory charge for the defendant should not be given.

8. A case should not be taken from the jury by directing a verdict for the defendant on the evidence, unless the conclusion follows as a matter of law that no recovery can be lawfully had upon any view taken of facts that the evidence tends to establish.

9 The credibility and probacive force of conflicting testimony should not be determined on a motion for a directed verdict.

10. The duty devolving upon the court in reference to directing a verdict on the evidence may become, in many cases, one of delicacy, and it should be cautiously exercised.

11. Although a motion for a directed verdict for one party may be denied, yet in the same case if the trial court is of the opinion that the verdict does not accord with the manifest weight of the evidence and the substantial justice of the cause, a new trial should be granted if duly made.

12. There may be no inconsistency in granting new trial in a case in which a request for a directed verdict was denied.

An order granting a new trial may be sustained by the Appellate Court when a directed verdict would not be approved.

A Writ of Error to the Court of Record for Escambia County; C. M. Jones, Judge.

Judgment reversed.

*R. Pope Reese* and *John P. Stokes,* for Plaintiff in Error;

*Watson & Pasco,* for Defendant in Error.

WHITFIELD, J.—In an action to recover damages for the death of plaintiff's husband, alleged to have been caused by the explosion of a retort upon which the decedent was employed by defendant, the owner of the retort, issue was joined on the several general and special pleas, and at the conclusion of the plaintiff's testimony, upon a motion for a directed verdict for the defendant, the court stated: "The rule is, where there is sufficient evidence to support a verdict, to let it go to the jury. In this case it is the opinion of the court that the testimony so far would not support a verdict, and I think, therefore, the defendant would be entitled to the affirmative charge." The plaintiff excepted to this ruling and took a non-suit with a bill of exceptions and writ of error under the statute. Sec. 1697, Gen. Stats. 1906, Compiled Laws, 1914; Haile v. Mason Hotel & Investment Co., 71 Fla. 469, 71 South. Rep. 540.

Chapter 6220, Acts of 1911, amending Section 1496, General Stats. 1906, provides, that: "Upon the trial of all cases at law in the several courts of this State, the Judge

presiding on such trial shall charge the jury only upon the law of the case; that is upon some point or points of law arising in the trial of said cause. If, however, after all the evidence shall have been submitted on behalf of the plaintiff in any civil case, it be apparent to the Judge of the Circuit Court, County Court or Court of Record that no evidence has been submitted upon which the jury could lawfully find a verdict for the plaintiff, the Judge may then direct the jury to find a verdict for the defendant; and if, after all the evidence of all the parties shall have been submitted, it be apparent to the Judge of the Circuit Court or County Court or Court of Record that no sufficient evidence has been submitted upon which the jury could legally find a verdict for one party, the Judge may direct the jury to find a verdict for the opposite party."

In determining whether error was committed in directing a verdict, due consideration should be given to the organic right of trial by jury. Otherwise fundamental principles may be subordinated to procedure or convenience. Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 74 South. Rep. 975.

The considerations and legal principles that guide the judicial discretion in directing a verdict and in granting a new trial on the evidence are not the same.

In directing a verdict the court is governed practically by the same rules that are applicable in demurrer to evidence. 89 U. S. 116.

A party in moving for a directed verdict admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the

evidence. Gunn v. City of Jacksonville, 67 Fla. 40, 64 South. Rep. 435.

When the facts are not in dispute, and the evidence, with all the inferences that a jury may lawfully deduce from it, does not, as matter of law, have a tendency to establish the cause of action alleged, the judge may direct a verdict for the defendant. But the court should never direct a verdict for one party unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Where there is room for a difference of opinion between reasonable men as to the proof or facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts, the court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail, and not primarily the views of the judge. In an action for negligence where there is any substantial testimony from which the jury could find the issues in favor of the plaintiff, a peremptory charge for the defendant should not be given. A case should not be taken from the jury by directing a verdict for the defendant on the evidence, unless the conclusion follows as a matter of law that no recovery can be lawfully had upon any view taken of facts that the evidence tends to establish. The credibility and probative force of conflicting testimony should not be determined on a motion for a directed verdict. The duty devolving upon the court in reference to directing a verdict on the evidence may become, in many cases, one of delicacy, and it should be cautiously exercised. Gunn v. City of Jacksonville, *supra;* Logan Coal & Supply Co. v. Hasty, 68 Fla. 539, 67 South. Rep. 72;

Davis v. Drummond, 68 Fla. 471, 67 South. Rep. 99;
Poore v. Starr Piano Co., 68 Fla. 425, 67 South. Rep. 99;
King v. Cooney-Eckstein Co., 66 Fla. 246, 63 South. Rep.
659; Hammond v. Jacksonville Electric Co., 66 Fla. 145,
63 South. Rep. 709; Starks v. Sawyer, 56 Fla. 596, 47
South. Rep. 513.

Even though a verdict should not be directed on the
evidence in deference to the organic right to a jury trial
and to the statute regulating the subject, yet if on motion
for a new trial "where there is conflict in the testimony,
it is within the province and power of the court to set
aside a verdict which does not reach a substantially just
conclusion in cases where the conflicts are of such char-
acter and the circumstances of such nature as to give
just ground for the belief that the jury acted through
prejudice, passion, mistake or any other cause which
should not properly control them. This power exists in
the court. In exercising it the court does not encroach
upon the province of the jury, for the reason that it does
not conclusively settle facts in the form of a verdict, but
only gives another jury the opportunity of so doing, and
of correcting what appears to be a mistake." Shultz v.
Pacific Ins. Co., 14 Fla. 73.

Although a motion for a directed verdict for one party
may be denied, yet in the same case if the trial court is
of opinion that the verdict does not accord with the man-
ifest weight of the evidence and the substantial justice
of the cause, a new trial should be granted if duly made.

While the legal sufficiency of the evidence to support
the verdict for one party will make a directed verdict for
the other party improper, yet the mere legal sufficiency
of the evidence to support a verdict rendered, will not

preclude the trial court from granting a new trial where the verdict does not do substantial justice in the cause or is against the manifest weight and probative effect of the evidence.

Trial courts have much more latitude of discretion in granting new trials on the evidence than have appellate courts; and the trial courts should exercise this discretion so as to facilitate the administration of justice. Carney v. Stringfellow, 73 Fla. 700, 74 South. Rep. 866; Cheyney v. Roberts, decided at this term.

There may be no inconsistency in granting new trial in a case in which a request for a directed verdict was denied. An order granting a new trial may be sustained by the appellate court when a directed verdict would not be approved. Aberson v. Atlantic Coast Line R. Co., 68 Fla. 196, 67 South. Rep. 44.

As there is substantial evidence tending to prove the issue, the case should have been submitted to the jury for their finding on the facts, and not taken from them to be passed upon by the judge as a question of law. Florida Cent. & P. R. Co. v. Williams, 37 Fla. 406, 20 South. Rep. 558; German-American Lumber Co. v. Brock, 55 Fla. 577, 46 South. Rep. 740; George E. Wood Lumber Co. v. Gipson, 63 Fla. 316, 58 South. Rep. 364.

In this case it cannot be said as matter of law that there is "no evidence upon which a jury could lawfully find a verdict for the plaintiff," so as to authorize a directed verdict under the statute. Gunn v. City of Jacksonville, 67 Fla. 40, 64 South. Rep. 435; Bayshore Development Co. v. Bonfoey, 75, Fla. 455, 78 South. Rep. 507; Cason v. Florida Power Co., 74 Fla. 1, 76 South. Rep.

535; Glass v. Virginia-Carolina Chemical Co., 73 Fla. 873, 74 South. Rep. 981.

There is no conflict between the holding in this case and the decision that where the evidence shows the right of the plaintiff to recover, and there is no conflicting testimony, a verdict for the plaintiff may be directed. Bland v. Fidelity Trust Co., 71 Fla. 499, 71 South. Rep. 630; Investment Co. v. Trueman, 63 Fla. 184; 57 South. Rep. 663; Berryhill-Cromartie Co. v. Manitowoc Shipbuilding & Dry Dock Co., 66 Fla. 170, 63 South. Rep. 720; Tedder v. Fraleigh-Lines-Smith Co., 55 Fla. 496, 46 South. Rep. 419; Bell v. Niles, 61 Fla. 114, 55 South. Rep. 392; Campbell v. McLaurin Investment Co., 74 Fla. 501, 77 South. Rep. 277; Gordon v. Lowe, 64 Fla. 81, 59 South. Rep. 861; Gardner Lumber Co. v. Bank of Commerce, 73 Fla. 246, 74 South. Rep. 313, 73 Fla. 504, 513.

A directed verdict for the defendant is proper when the plaintiff wholly fails to prove the case alleged or when a defense is proven without contradiction. Pensacola, St. Andrews & Gulf S. S. Co. v. Austin, 63 Fla. 241, 58 South. Rep. 611; Padgett v. Atlantic Coast Line R. Co., 63 Fla. 248, 58 South. Rep. 720; Wade v. Louisville & N. R. Co., 54 Fla. 277, 45 South. Rep. 472; Bass v. Ramos, 58 Fla. 161, 50 South. Rep. 945; Stone v. Citizens' State Bank, 64 Fla. 456, 59 South. Rep. 945; American Process Co. v. Florida White Pressed Brick Co., 56 Fla. 116, 47 South. Rep. 942; Bruner v. Hart, 59 Fla. 171, 51 South. Rep. 593; Florida East Coast R. Co. v. Groves, 55 Fla. 436, 46 South. Rep. 294; 53 Fla. 323.

Judgment reversed.

BROWNE, C. J. AND ELLIS AND WEST, J. J. concur.