W. M. IGOU, *Plaintiff in Error*, v. E. E. BRADY, AND J. P. MUSSELWHITE, *Defendants in Error*.

## Opinion Filed May 4, 1920.

1. The charge "Even should you find that the evidence and the weight of the evidence is evenly balanced for and against the plaintiff's claim that he has a right to possession of certain mules, then it will be your duty to find for the defendants since in this case there is no preponderance of the evidence either way and the burden of proof being upon the plaintiff," is error, as it in effect takes from the consideration of the jury the question of whether or not there was a preponderance of the evidence in favor of the plaintiff.

2. The effect of the charge was to take the case from the consideration of the jury, and was tantamount to a directed verdict for the defendant.

3. Where there is substantial evidence upon which the jury could find a verdict for either party it is reversible error to direct a verdict.

A Writ of Error to the Circuit Court for Orange County; James W. Perkins, Judge.

Judgment reversed.

*Geo. A. DeCottes* and *Davis & Giles,* for Plaintiff in Error;

*Robinson & Bridges* and *Dickenson & Dickenson,* for Defendants in Error.

BROWNE, C. J.—W. M. Igou brought an action of replevin against E. E. Brady and J. P. Musselwhite to recover possession of six mules sold by Igou to Brady, re-

serving title in himself. There was a verdict for the defendants.

Brady sold the mules to Musselwhite, in whose possession they were then replevied. On the trial of the cause, the issue before the jury was, whether when Igou sold the mules to Brady, the latter was engaged in the business of selling mules, and whether or not Igou knew of this. The testimony is conflicting on these points.

The sixth assignment of error is based upon the fourth charge given at the defendant Musselwhite's request.

"Even should you find that the evidence and the weight of the evidence is evenly balanced for and against the plaintiff's claim that he has a right to possession of certain mules, then it will be your duty to find for the defendants. *since in this case there is no preponderance of the evidence either way* and the burden of proof being upon the plaintiff." The italics are ours.

In this charge, the court after instructing the jury that they should find for the defendant if the evidence and the weight of the evidence was evenly balanced for and against the plaintiff's claim, used the words we have italicised. It is contended by the defendant in error that because the court in first part of this instruction properly stated the law, that it was the duty of the plaintiff to establish his case by a preponderance in the evidence— no harm was done the plaintiff by the objectionable words under consideration.

It may be that philologists might properly place a different construction on the meaning of this sentence, so that it might be interpreted to mean "because in such an instance there would be no preponderance of the evidence," but we must consider the language used in the

instruction and the natural meaning it would convey to the minds of the jurors.

The effect of its obvious meaning .was to take the case from the consideration of the jury and was tantamount to a direct verdict for the defendant.

The rule is settled in this State that where there is substantial evidence upon which the jury could find a verdict for either party it is reversible error to direct a verdict. 81 So. 476.

The jury were the sole judges of whether or not there was a preponderance of evidence in favor of the plaintiff, and when the court instructed them that "in this case there is no preponderance of the evidence either way" he in effect took from the consideration of the jury the vital question before them. This was error that affected the right of the plaintiff to have this issue passed upon by the jury.

The judgment is .reversed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.