ELLIOT PETTIGREW, *Plaintiff in Error*, v. GEORGE LIPPITT, DOING BUSINESS AS THE LIPPITT TIRE COMPANY, *Defendant in Error*.

Opinion Filed April 14, 1922.

Where there is an abundance of evidence to sustain a verdict for the plaintiff under the issues made by the pleadings, it is error to direct a verdict for the defendant.

A Writ of Error to the Circuit Court for Pinellas County; O. K. Reaves, Judge.

Reversed.

*W. K. Zewadski* and *John U. Bird,* for Plaintiff in Error.

*Knight, Thompson & Turner* and *Wm. G. King,* for Defendant in Error.

TAYLOR, J.—The plaintiff in error as plaintiff below instituted his action for damages against the defendant in error, who was his employer, for personal injury received by him in the explosion of a compressed air tank used by the defendant in his automobile repair shop. Upon the conclusion of the testimony for both parties at. the trial, the trial judge, on motion of the defendant, peremptorily instructed the jury to return a verdict in favor of the defendant and against the plaintiff. For review of the judgment entered on this verdict the plaintiff below comes here by writ of error.

In the record brought here for review, there is an abundance of evidence to have sustained a verdict for the plaintiff below, and the trial judge erred in taking the questions of fact from the decision of the jury by peremptorily instructing them to return a verdict in favor of the defendant below. Gravette v. Turner, 77 Fla. 311, 81 South. Rep. 476.

BROWNE, C. J., AND WHITFIELD, ELLIS AND WEST, J. J., concur.