AMERICAN DISTRICT ELECTRIC PROTECTIVE COMPANY v. SEABOARD AIR LINE RAILWAY COMPANY.

190 So. 820
Division B
Opinion Filed July 25, 1939
Rehearing Denied September 12, 1939

*Julian Hartridge,* for Plaintiff in Error;

*Fleming, Hamilton, Diver & Jones,* for Defendant in Error.

PER CURIAM.—The declaration in effect alleges that plaintiff Railway Company and defendant Protective Company entered into a contract in writing under the terms of

which, defendant was to inspect and maintain in good order and repair and to operate what is known as Central Station Manual Fire Alarm and Night Watchman's Signal Box Service, consisting among other things, of certain boxes and wire connections on the premises of plaintiff Railway Company; that it then became and was the duty of defendant to inspect and maintain such system, including said wire connections, and keep such system in such condition as to avoid injuring persons in or upon the premises of plaintiff Railway Company, and to indemnify and save plaintiff harmless from any damages growing out of failure to carry out any of the duties aforesaid; that defendant utterly disregarding and neglecting its duties aforesaid, did on May 25, 1926, carelessly and negligently allow the said system to become in disrepair and allowed one of the wires comprising such system to sag, of which it knew, or in the exercise of ordinary care ought to have known, whereby and as a proximate result of which, one of plaintiff's employees, W. E. Haskins, was knocked from the top of a freight car and injured, by reason whereof plaintiff has become liable to, and did on December 1, 1926, pay to the said W. E. Haskins $4,112.50, and the defendant thereupon became liable to pay plaintiff Railway Company the said sum with interest from said date.

This is the third writ of error in this cause. The action is for a negligent breach by the plaintiff in error here to a contract between the parties herein, resulting in injury to the railway company's employee because of the sagging of defendant's wire stretched over the plaintiff's railroad tracks, the amended declaration being filed April 11, 1928. On the first writ of error it was held that:

"1. Generally, one joint tort-feasor cannot have contribution from another.

"2. Exception to the rule prohibiting contribution among joint tort-feasors exists where they are not in *pari delicto* as to each other.

"3. Where contractor negligently failed to perform duty to maintain signal system located on railroad's premises. railway could recover from contractor amount collected from railroad by virtue of master and servant relationship to one injured." S. A. L. Ry. Co. v. Am. Dist. Elec. Protective Co., 106 Fla. 330, 143 So. 316 (H. N. 1, 2, 3).

"1. *Res ipsa loquitur* held applicable in action by railway company against protective company for breach of contract wherein the protective company assumed duty of installing, operating, and maintaining for railway company a watch and fire alarm signal system in good order, where it was established that wire over railway company's tracks was under exclusive control of protective company, that wire sagged, and that because it sagged it caused injuries to railway company's employee for which railway company was compelled to pay damages. * * *

"4. Where *res ipsa loquitur* was applicable in favor of plaintiff, but jury returned verdict on merits in favor of defendant, trial court properly entered order granting plaintiff a new trial. (Comp. Gen. Laws 1927, Sec. 4615.)" Head notes 1, 4, Am. Dist. Elec. Protective So. v. S. A. L. Ry. Co., 129 Fla. 518, 177 So. 294.

On the last trial on the same amended declaration there was a plea of not guilty and a plea, filed January 10, 1934, averring:

"That the plaintiff carelessly and negligently propelled a freight car under the wire described in the declaration at a time when such wire had sagged and was in disrepair, of which fact plaintiff knew or in the exercise of ordinary care ought to have known, whereby and as a proximate

result of which, one of the employees of plaintiff was injured, and whereby plaintiff became liable to and did pay to such employee the sum of $4,112.50."

The record proper shows that on November 18, 1937, prior to the last trial which was begun February 4, 1938, the defendant made a motion for permission to file the following additional plea:

"That this action is based upon a contract which is made a part of the declaration as Exhibit 'A' and that this contract contains the following provision, to-wit: 'It is agreed by and between the parties hereto that the contractor is not an insurer, and that the rates hereinbefore named are based solely on the value of the service in the operation of the system described, and in case of failure to perform such service and a resulting loss, its liability hereunder shall be limited to and fixed at the sum of fifty dollars as liquidated damages, and not as a penalty, and this liability shall be exclusive.'

"That this Defendant now brings the said sum of Fifty ($50.00) Dollars together with interest from the beginning of this action and court costs, the total amount being $100.00, into this court and tenders and offers to pay the same into the registry of this court for the use and benefit of plaintiff and be paid to plaintiff if it will accept the same."

On November 18, 1937, the plaintiff objected "to the proposed filing of the additional plea tendered by the defendant herein, on the following * * * grounds:

"1.   * * * Plea is not timely.

"2.   * * * Plea sets forth no defense to the cause of action herein sued upon.

"3.   * * * Plea sets forth a provision of the contract existing between plaintiff and defendant which is not applicable to the cause of action herein sued upon.

"4. * * * Plea sets forth a portion of the contract between plaintiff and defendant which relates only to defendant's liability for failure of its wiring system to properly transmit messages, whereas the theory of plaintiff's case as set forth in the amended declaration is based upon alleged carelessness and negligence of defendant in allowing and permitting the wires comprising said signal system to sag.

"5. The allegations of * * * plea are immaterial and irrelevant.

"6. The allegations of * * * plea are inconsistent and repugnant.

"9. This case has been pending for a period of more than ten years and if such additional plea as tendered should have been filed, the time has long since passed for the filing of such plea in the sound judicial discretion of the court."

The motion for leave to file the additional plea was denied on grounds 1, 3, and 9 of the motion. Exception was noted. The motion for permission to file the additional plea and the proceedings therein do not appear in the bill of exceptions. No question is presented as to the due authentication of the motion, the objections thereto or the order made thereon.

Even if the plea had been timely presented and its proffer and denial may be regarded as duly presented here for decision, the quotation therein from the contract does not appear to have been contemplated by the parties as controlling in a case of this nature.

Trial was had upon the above stated pleas of not guilty and of negligence of the plaintiff. At the close of the testimony plaintiff moved for a directed verdict which was granted, and judgment on the directed verdict was rendered for the plaintiff. Defendant moved for a judgment *non*

*obstanti veredicto* and for a new trial, each of which was denied. Defendant took writ of error to the judgment for the plaintiff.

"Where the evidence clearly shows a right of recovery in the plaintiff and there is no evidence to sustain a verdict for the defendant, a verdict for the plaintiff may be directed." Headnote 3, American Mercantile Co. v. Circular Adv. Co., 71 Fla. 522, 71 So. 607.

In this case there was a specific allegation that the defendant did "carelessly and negligently allow the said system to become in disrepair and allowed one of the wires comprising such system to sag, of which fact it knew, or in the exercise of ordinary care ought to have known," whereby and as a proximate result of which, one of the employees of this company, W. E. Haskins, was knocked from the top of a freight car and injured," etc.

The issues in this case were negligence of the defendant as alleged and negligence of the plaintiff in propelling its freight car under the wire at a time when such wire had sagged and was in disrepair, the injury and payment therefor by the plaintiff railway company not being contested.

Negligence of the defendant below, plaintiff in error here, is shown in that it did not so reasonably inspect and maintain its own wire suspended across plaintiff's railroad tracks extending 130 feet from a warehouse to a pole at such height as to make it reasonably safe for plaintiff's employees to discharge their duties on the top of freight cars as they pass under the wire day or night, without being injured by the sagging wire. The wire was owned by, and under the exclusive control of, defendants. No negligence in the premises by the injured person or by the plaintiff is shown. It is common knowledge that wires do sag when exposed to warm weather. The injury was on May 25 in Florida.

The wire struck the injured employee "under the neck" while he was performing his duties on the top of a freight car of plaintiff that was being propelled under the wire at night.

Evidence adduced for the plaintiff railway company shows the injury as alleged and the evidence was ample to show negligence of the defendant as alleged in not exercising reasonable care to inspect and maintain its wire extending over the plaintiff's railroad tracks where freight cars were being operated, at such a height above the railroad tracks that the sagging of the wires would not injure a railroad employee whose duty required him to be on top of freight cars to operate brakes or perform other duties as the cars are being moved day and night in due course of traffic requirements on the tracks under wires; and such evidence does not in any way indicate negligence in the premises by the plaintiff railway company or its agents or employees as averred in defendant's plea. Evidence adduced for the defendant company did not show negligence of the plaintiff railway company or its agents or employees; and did not rebut plaintiff's evidence by showing the exercise of reasonable care by the defendant to so inspect and maintain its wire over plaintiff's railroad tracks that the sagging of the wire would not injure employees on the top of plaintiff's railroad freight cars passing, in this case at night, under the wires in due course of traffic operations. The entire evidence is of such probative force that the trial court, to give effect to the manifest weight of the evidence and the justice of the cause, should properly have granted a new trial if a verdict had been rendered for the *defendant*. This being so, the trial court will not be held in error for directing a verdict for the plaintiff, no error of law or matter prejudicing the defendant appearing. Bell v. Niles, 61 Fla.

114, 55 So. 392; Bland v. Fidelity Trust Co., 71 Fla. 499, 71 So. 630; Gravette v. Turner, 77 Fla. 311, 81 So. 376; Greenblatt v. Bissell Dry Goods Co., 85 Fla. 83, 95 So. 302; New England Mutual Life Ins. Co. v. Huckins, 127 Fla. 540, 173 So. 696; Small Co. v. Lamborn & Co., 267 U. S. 248, 45 Sup. Ct. 300, 69 L. Ed. 597.

On the record in this case the trial court did not commit error in directing a verdict for the plaintiff; and the judgment rendered on such verdict was proper and is affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.