73 So.2d 820 (1954)
SUWANNEE VALLEY ELECTRIC COOPERATIVE, Inc.
v.
LIVE OAK, PERRY & GULF R. CO.
Supreme Court of Florida. Division A.
July 13, 1954.
*821 Rogers, Towers & Bailey and Elmer Norton, Jacksonville, and Alfred T. Airth, Live Oak, for appellant.
Marks, Gray, Yates & Conroy and Harry T. Gray, Jacksonville, and J.L. Blackwell, Live Oak, for appellee.
TERRELL, Justice.
The Live Oak, Perry and Gulf Railroad Company, hereinafter called the Railroad Company, operates a railroad between Live Oak in Suwannee County and Perry in Taylor County with a branch line from Mayo Junction to Mayo in Lafayette County. Prior to 1945 Suwannee Valley Electric Cooperative, Inc., hereinafter called the Electric Company, was engaged in the business of distributing electricity to the rural communities of Suwannee, Lafayette and portions of Taylor Counties. While so engaged, the Electric Company secured permission from the Railroad Company to, and did in fact, cross the Railroad Company's tracks with high voltage wires between Mayo and Mayo Junction. Said crossing was made with two wires, the lower one being known as the bottom of ground wire and the upper one being known as the hot or phase wire.
The Railroad Company owned and operated a flat car on which a derrick was installed. February 23, 1948, while the Railroad Company was operating said flat car the derrick struck the hot or phase wire resulting in serious injury to one Bevel, an employee of the Railroad Company who was riding on the flat car near the derrick. Bevel brought an action against the Railroad Company in the Federal Court and recovered damages for personal injuries in the sum of $20,000 which the Railroad Company paid. Bevel's suit was grounded on the theory that the Railroad Company failed to provide him a safe place to work in that the hot wire of the Electric Company was maintained lower than good practice permitted.
This suit was brought by the Railroad Company against the Electric Company for indemnity, account of the $20,000 judgment for damages it paid to Bevel. The Electric Company denied the material allegations of the complaint and alleged that the cause of Bevel's injuries was permitting the power line to be placed at such a level that the derrick would contact it, that the Railroad Company negligently failed to warn its employee of danger, that the plaintiff was a joint tort-feasor and that it was guilty of contributory negligence in that it failed to exercise ordinary care in the operation of its flat car. At the trial a jury was waived, evidence was taken and the court entered final judgment for the Railroad Company in the sum of $20,000 with interest. The Electric Company has appealed from that judgment.
Four questions are urged for reversal. Questions one and two have to do with rulings of the trial court on pleadings and question three has to do with his ruling on motion for directed verdict. We find no error in any of these rulings. The fourth question is grounded on contributory negligence and the charge that the plaintiff was a joint tort-feasor in that it did not look diligently to the upkeep of its equipment. The trial court found to the contrary.
Seaboard Air Line Railway Co. v. American District Electric Protective Co., 106 Fla. 330, 143 So. 316; American Dist. Elec. *822 Protective Co. v. Seaboard Air Line R. Co., 129 Fla. 518, 177 So. 294, Id., 139 Fla. 451, 190 So. 820.
As heretofore pointed out, this is a suit by the Railroad Company for indemnity against the Electric Company. The real question is whether or not under the facts presented the Railroad Company is entitled to indemnity against the Electric Company. It is shown that the Electric Company was, at its request, granted permission to construct and maintain a power line over the right of way of the Railroad Company "at a height above said railroad track at said point in conformity with good practices and at a height not lower than, to-wit, 28 feet" and to use ordinary care to construct and maintain said power line at a height above the tracks of the plaintiff that would permit the plaintiff's equipment, work trains and derrick to pass safely under said power line, so as to avoid injury to any one upon the Railroad Company's work train or tracks. It was further alleged that it was the duty of the Electric Company "to indemnify and save the plaintiff harmless from any damage" growing out of its failure to do this.
It is also shown that the Electric Company negligently constructed and maintained its hot wire over the tracks of the Railroad Company at a height lower than reasonable care and good practice require, that is to say at a height less than 26 feet, 10 inches, all of which was known, or in the exercise of ordinary care could have been known, to the Electric Company. Account of this, the derrick owned by the Railroad Company came in contact with said hot wire causing severe and permanent injury to the Railroad Company's employee.
The Railroad Company patterned its complaint on the law as pronounced in Seaboard Air Line Railway Co. v. American District Electric Protective Co., supra. This case is concerned with a factual situation very much like that in the case at bar and might well be said to rule the present case. We find ample evidence to sustain the holding of the trial court on all points where evidence is in dispute, we find insufficient showing of contributory or concurring negligence or that the Railroad Company was in pari delicto with the Electric Company.
We have not overlooked the contention of appellant that judgment for Bevel in the Federal Court was res adjudicata as to issues in this case. The two causes of action were separate and distinct and since the court was the trier of the facts it was his function to determine every issue or species of negligence, concurring, contributory or simple, that was presented to him.
Finding no error, his judgment is affirmed.
Affirmed.
ROBERTS, C.J., and SEBRING and MATHEWS, JJ., concur.