■SHANNON, Judge.
The appellants were the plaintiffs below. This appeal is from a judgment in a negligence action directing a verdict for defendant-appellee.
The plaintiff wife was a passenger in the defendant’s cab and was injured at a street crossing in the City of Tampa. The crossing was uncontrolled, it was daylight and the vision was unobscured. There is some testimony as to an obstruction on the southwest corner, but in reading the testimony, insofar as this accident is concerned, there was nothing to prevent either of the opera *389 tors of the cars from seeing each other. The cab in which plaintiff was riding was headed eastward and a pie truck was headed northward. At the estimated point of impact the cab, leaving no skid marks, was 17 feet into the intersection and the pie truck, on the right, after leaving 21 feet of skid marks, was 5 feet into the intersection.
The trial court, granting the defendant’s motion for a directed verdict, said in part:
“ * * * This truck was going thirty-five miles an hour and he was going eight or nine miles an hour. The truck must have been down the street fifty to sixty feet at least when the cab driver’s front end of his car was in the street. The truck man was anywhere from fifty to seventy-five feet down the street, if he was going thirty to thirty-five miles an hour, * * * ”,
The plaintiff testified that the cab was going at the time they entered the intersection from 10 to IS miles per hour and the truck as follows:
“We were entering the intersection when I saw the truck, Partly in it at that time. At that time the truck was twenty feet or twenty-five feet from the intersection at twenty or twenty-five miles per hour.”
In addition to the plaintiff herself, the testimony of the investigating officer, showing the physical aspects at the scene of the accident was given, and the plaintiffs also introduced a city ordinance providing that when two vehicles entered an intersection at the same time, the vehicle on the right was favored.
It must be remembered that the defendant owed to the plaintiff a high degree of care. In Red Top Cab & Baggage Co. v. Masilotti, 5 Cir., 190 F.2d 668, 671, the court said:
“ * * * While the Florida law does not treat a common carrier as an absolute insurer of its passengers, such carrier is required to exercise the highest degree of care, foresight, prudence and diligence reasonably demanded at any given time by the conditions or circumstances then affecting its passengers and the carrier during the contract of carriage. Failure to exercise the highest degree of care in such an instance is slight negligence, for which the carrier is held responsible. * * ⅜”
The Supreme Court of Florida in the case of Ellison v. Anderson, Fla.1954, 74 So.2d 680, 681, states:
“(3) It must be borne in mind that the relationship of the parties was that of common carrier and passenger, so appellee owed to appellant the highest degree of care for her safety in the operation of the bus. If, therefore, the driver of the bus was guilty of any negligence which proximately contributed to the cause of the accident, appellant would be entitled to recover in this action.”
We are concerned here with whether or not plaintiff established a prima facie case, either by direct evidence or reasonable inference, showing that the cab driver was guilty of slight negligence. Keeping in mind that in a motion for a directed verdict the evidence and all reasonable inference deducible therefrom must be viewed in a light most favorable to the plaintiff, it necessarily follows that in this case the plaintiff only had to prove a slight breach from the highest degree of care to raise a prima facie case.
In the case of City of Tallahassee v. Ashmore, 1946, 158 Fla. 73, 27 So.2d 660, 661, the Court quoted with approval the following language in the case of Toll v. Waters, 138 Fla. 349, 189 So. 393, 397:
“ ‘ * * * it is the duty of the driver of a motor vehicle about to cross a street intersection in the City of Tallahassee, Florida, to look to the right for approaching vehicles, and this duty implies the duty to see what is in plain sight, if anything, unless some reason *390 able excuse for not seeing is shown. Such motorist must use due care, commensurate with obvious conditions and the fact that he or she is crossing a street intersection. But the right of way which is given to one under the Ordinance introduced in evidence is not an absolute right which may be exercised under all conditions, but if to the one to whom the right of way is granted, in the exercise of ordinary care, it appears that to insist upon the right of way would probably result in a collision, it would be the duty of such person to use ordinary care to avoid a collision even to the extent of yielding his right of way, and his failure to do so under those conditions, would be evidence of negligence on his part.’ ”
In a recent Louisiana case, Mansfield v. Toye Bros. Yellow Cab Co., La.App.1955, 78 So.2d 544, 548, in passing upon a similar question, the court stated:
“ * * * the pre-emption of an in- ' tersection does not mean a prior entry of a vehicle therein simply by a matter of a few feet or by a split second before the arrival of the other vehicle. In order to serve as the foundation for a charge of negligence, the pre-emption is to be construed to mean only an entry into an intersection with a reasonable opportunity of clearing the same under normal circumstances and without obstructing the path of an approaching vehicle so as to cause the approaching vehicle to make an emergency stop or require that its driver execute a sudden maneuver to avert an accident with the vehicle which it is claimed has made the pre-emption. Boudreaux v. Moreau, La.App., 73 So.2d 192; Anderson v. Morgan City Canning Co., supra [La.App., 73 So.2d 196], To say that one who blindly enters an intersection directly into the path of an approaching vehicle which is in close proximity has acquired the right of way by pre-emption merely because he negotiates the greater portion of the intersection would be absurd.”
In the case of New Deal Cab Co. v. Stubbs, Fla.1956, 90 So.2d 614, 615, the Supreme Court affirmed judgment of the trial court in directing a verdict for the plaintiff against both defendants. The opinion stated:
“On this appeal, the appellants challenge the propriety of the trial judge’s action in directing a verdict in favor of plaintiff, contending that ‘the evidence was conflicting as to the speed of the taxicab and the City car, the force of the impact, and there was evidence produced by the Cab Company and the City tending to prove that either one or both were not guilty of the negligence charged in the Complaint.’ We do not agree.
“The accident happened in broad daylight. The weather was clear and the sand streets were dry. No third persons intervened to cause or contribute to the accident. There is nothing in the record to suggest that the collision was an ‘unavoidable accident,’ and there was evidence from which the jury could have found either or both of the defendants to be negligent. ⅜ ⅜
The court, in a light most favorable to her, should have inferred, or could have accepted plaintiff’s testimony that at the time when the cab entered the intersection the pie truck was not more than 25 feet south of the intersection, and approaching at a speed of 20 to 25 miles per hour, and thus given to her a a reasonable inference to which, the Supreme Court has decided in similar cases, she is entitled. And, the pie truck with brakes on skidded to the right, whereas if he had not applied the brakes and gone straight ahead, it is within the range of probability that they would have collided in the middle of the intersection. With her testimony and with reasonable inferences, the jury could have decided that *391 both the cab and the pie truck were negligent, thus returning the verdict for the plaintiffs.
Reversed and remanded for a new trial.
KANNER, C. J., and ALLEN, J., concur.