115 So.2d 36 (1959)
Leslie A. KUHN, Eugene A. Van Voorhis, and Russell H. Kuhn, Appellants,
v.
James Walter TELFORD, Appellee.
No. 664.
District Court of Appeal of Florida. Second District.
March 13, 1959.
On Rehearing August 28, 1959.
Rehearing Denied September 23, 1959.
James C. Paine, of Jones, Adams, Paine & Foster, West Palm Beach, for appellants.
Joel T. Daves, of Paty, Downey & Daves, West Palm Beach, for appellee.
SHANNON, Judge.
This is an appeal by the defendants from a final judgment against them in a negligence action. The accident from which this action arose occurred on the afternoon of February 22, 1955 while the plaintiff was proceeding on a through street and the defendants' truck was coming from a stop street in the municipality of Belle Glade. The plaintiff maintains he was traveling at a speed of twenty to thirty-five miles per hour; whereas, the defendant Russell Kuhn testified that the plaintiff was traveling at thirty or thirty-five miles per hour. An ordinance *37 of the municipality of Belle Glade provides a maximum speed at the point of the accident of twenty-five miles per hour. The defendant truck driver testified that he had stopped before entering the intersection and had traveled from three to five feet into the plaintiff's lane of traffic at the moment of the accident, at which time he was going at a speed of not more than four miles an hour. The plaintiff saw the defendant's truck from some distance away; whereas, the defendant did not observe the plaintiff's car until the collision or immediately prior thereto. Neither driver's view of the other was obstructed.
The first trial of this case before a jury resulted in a verdict for defendant, which was set aside and a new trial granted by the trial judge. On appeal to the Supreme Court the action of the trial judge in granting a new trial was affirmed. This appeal is from the final judgment entered in the second trial of the case.
There was originally a question of whether or not the notice of appeal to this court was in such form as to give this court jurisdiction. However, after reviewing the authorities on the question we have decided that this court does have jurisdiction.
The defendants have posed seven questions on this appeal, but in view of the fact that this case must be reversed, we will deal with only two of them in this decision. The defendants' first question is whether or not the court erred in denying their motion for a mistrial when the plaintiff's attorney, without the necessary preliminaries, asked, on his voir dire examination of the jury, "Do any of you own any stock in or have any interest in any insurance company?" and "Do any of you work in any way for an insurance company?" Defendants moved the court for a mistrial after the jury had been sworn. Defendants' counsel made no objection at the time these questions were asked.
There are several decided cases in Florida touching upon the question we have here. The rationale of such cases had their origin in a concurring opinion of Mr. Justice Brown in Ryan v. Noble, 95 Fla. 830, 116 So. 766. While it is not necessarily correct that the concurring opinion in Ryan v. Noble, supra, is the law of Florida, since that decision it has been cited quite frequently by our Supreme Court and more or less acquiesced in, although our Supreme Court has avoided a definitive procedure in broaching the insurance-interest subject of prospective jurors. But we do not have to decide whether or not it was reversible error to ask these questions in view of the fact that counsel for defendants waited until after the jury had been sworn before making his motion. Under these circumstances the trial court committed no error in refusing the motion.
On their second question the defendants maintain that the trial court was in error in granting the plaintiff's motion for directed verdict on the question of liability. There is a distinction between situations where a trial judge can properly direct a verdict and where he can properly grant a new trial. Although a trial judge may set aside a verdict and grant a new trial in order to give effect to the manifest weight of the evidence and the justice of the cause without denying the right of trial by jury, he cannot direct a verdict in the same instance if there exists a view of the evidence which the jury might lawfully take, favorable to the adverse party, and which could result in a verdict for him. A party moving for a directed verdict admits not only the facts shown by the evidence, but every reasonable inference favorable to his opponent that the jury might fairly and reasonably arrive at from the evidence. And, of course, it is for the jury to determine all questions of conflicting evidence. In a well-considered opinion Mr. Justice Drew in Hilkmeyer v. Latin American Air Cargo Expediters, Fla. 1957, 94 So.2d 821, 824, stated:
"The most recent expression of this Court on the general subject is found in New Deal Cab Co. v. Stubbs, Fla. *38 1956, 90 So.2d 614, 615. There we said:
"`Where the entire evidence is of such probative force that the trial court, to give effect to the manifest weight of the evidence and the justice of the cause, should properly have granted a new trial if a verdict had been rendered for the defendant, the trial court will not be held in error for directing a verdict for the plaintiff. American District Electric Protective Co. v. Seaboard Air Line Ry. Co., 139 Fla. 451, 190 So. 820, 823, and cases there cited.' (Emphasis supplied.)
"We have re-examined the above quoted language in that case and the authorities cited. It was not necessary to the determination of the cause and was therefore obiter dicta. The [italicized] language correctly states the conditions under which a new trial may be properly awarded but the language which follows is used too loosely. It is important to make a distinction between situations where a trial judge can properly direct a verdict and situations where he can properly grant a new trial. `The considerations and legal principles that guide the judicial discretion in directing a verdict and in granting a new trial on the evidence are not the same.' Gravette v. Turner, 1919, 77 Fla. 311, 81 So. 476, 477; Anderson v. Southern Cotton Oil Co., 1917, 73 Fla. 432, 74 So. 975, L.R.A. 1917E, 715; Florida East Coast Ry Co. v. Hayes, 1914, 66 Fla. 589, 64 So. 274. The reasons for and a clear exposition of the distinctions appear extensively presented in Gravette v. Turner, supra, one of the cases cited as authority in the New Deal Cab Co. case. We clearly said in the Gravette case that where there was substantial evidence tending to prove the issue, it `should have been submitted to the jury for their finding on the facts, and not taken from them to be passed upon by the judge as a question of law.' 77 Fla. 317, 81 So. 478. We also said,
"`Even though a verdict should not be directed on the evidence in deference to the organic right to a jury trial and to the statute regulating the subject, yet if on motion for a new trial "where there is conflict in the testimony, it is within the province and power of the court to set aside a verdict which does not reach a substantially just conclusion in cases where the conflicts are of such character and the circumstances of such nature as to give just ground for the belief that the jury acted through prejudice, passion, mistake or any other cause which should not properly control them. This power exists in the court. In exercising it the court does not encroach upon the province of the jury, for the reason that it does not conclusively settle facts in the form of a verdict, but only gives another jury the opportunity of so doing, and of correcting what appears to be a mistake."' 77 Fla. 316, 81 So. 478.
"The dividing line (a grey area at best) between judge and jury in situations like this would be totally indistinguishable from many other aspects of the more general problem of facilitating jural disposition of cases, if it were not for the requirement in our Constitution that `The right of trial by jury shall bee secured to all, and remain inviolate for-ever.' Florida Constitution, Declaration of Rights, § 3, F.S.A. * * *."
In Beers v. Diamond Cabs, Fla.App. 1958, 104 So.2d 388, 389, the correct rule of law as gathered from recent Supreme Court decisions was stated thusly:
"* * * in a motion for a directed verdict the evidence and all reasonable inference deducible therefrom must be viewed in a light most favorable to the plaintiff * * *."
Keeping in mind that the evidence in this case showed to a reasonable certainty *39 the distances involved and the speeds of the respective cars, a mathematical calculation would greatly aid in demonstrating that if the jury had believed the defendants' testimony, the plaintiff was necessarily guilty of contributory negligence. Under the principles discussed above and the procedural and substantive rules governing contributory negligence, the evidence and every reasonable inference therefrom, viewed in a light most favorable to the defendants, must show some act of negligence on the part of plaintiff which proximately contributed to his injury. When viewed in this aspect there was some evidence and the reasonable inferences therefrom which the jury could have found against the plaintiff, and hence we must conclude that the trial court's action in directing a verdict was error.
The defendants have raised several other questions but in view of the fact that this case must be reversed for a new trial, we do not pass on them.
Reversed.
KANNER, C.J., and ALLEN, J., concur.

On Rehearing
KANNER, Judge.
The appeal is from a final judgment for the plaintiff founded upon a directed verdict as to liability in a motor vehicle negligence action.
This case was tried twice; the first trial resulted in a jury verdict for the defendants, who relied on the defense of contributory negligence. Plaintiff's motion for a new trial was granted by the trial court on the premise that the verdict was "contrary and opposed to the manifest weight of the evidence." The defendants appealed on the proposition that the evidence adequately created an issue of contributory negligence constituting a jury question and that, consequently, the trial court's ruling should be reversed. To this appeal the plaintiff filed a motion to affirm the trial court's ruling under the then existing rule. The Supreme Court granted the motion and affirmed the judgment by per curiam opinion, holding that the questions raised were without substantial merit. Kuhn v. Telford, Fla. 1957, 98 So.2d 85.
The case then came on for a second trial. Upon completion of all of the evidence in the case the plaintiff made a motion for a directed verdict on the question of liability. The Court granted the motion and instructed the jury in that regard, directing that it should decide only the question of damages which the plaintiff may have or did sustain.
Our understanding of the evidence as rendered in the first and second trials is that it is materially and substantially the same. The basic factual situation involved is a simple one. The plaintiff was driving his automobile east on U.S. Highway 441 in the City of Belle Glade at about three o'clock in the afternoon of February 22, 1955. At the same time the defendant, Russell H. Kuhn, was operating the truck belonging to the other defendants in a northerly direction on Southeast Fourth Street and was approaching the intersection of that street with Highway 441. At this point U.S. 441 is a through street, while Southeast Fourth Street is a stop street and is so marked by a stop sign. The plaintiff was proceeding at a speed between 20 and 35 miles per hour; he saw the defendant's truck approaching and heard the sound of the air brakes being applied, assuming therefrom that the defendant-driver was stopping at the intersection. There is conflict as to whether the defendant-driver came to a complete stop, the plaintiff testifying that this defendant only slowed down and this defendant testifying that he came to a complete stop. In any event the defendant-driver drove his truck into the intersection and struck the plaintiff's car, the point of impact extending from the center post on the right side of plaintiff's vehicle to his right rear fender. The truck had proceeded three to five feet into the highway when the collision occurred. The defendant-driver had visibility for approximately *40 three-tenths of a mile down the highway on which plaintiff's car approached, but by his own testimony he showed that he did not see plaintiff's car prior to the collision, although he testified that he looked. The plaintiff testified that after he realized that the defendant was not going to stop entirely, he tried to avoid the accident but was unable to do so. It is provided by an ordinance of the City of Belle Glade that operation of a vehicle in excess of 25 miles per hour is prima facie evidence that the vehicle is operated in a reckless manner.
It is not disputed that Russell H. Kuhn, the defendant-driver of a Mack semi-truck, was guilty of primary actionable negligence proximately causing the plaintiff's injury. He pleaded guilty in the municipal court of the City of Belle Glade to a charge of running a stop sign and causing an accident. The defendant-driver, not having the right of way, breached a duty to observe the plaintiff's automobile. This principle is expressed in 2 Blashfield, Cyclopedia of Automobile Law and Practice, section 1025, p. 289:
"While the precise scope of the acts relevant to the observance of the duty of care cannot of course be categorically stated there is a fairly common concurrence in substance on the main content of the duty, to wit, that the priority of right of one driver imposes a corresponding duty on the driver having the inferior right of way to exercise a degree of care commensurate with the superior right of the other to observe the car of the other, its speed, position, and operation, and to wait until it has passed before attempting to cross the intersection."
Contributory negligence is an affirmative defense, requiring proof by a preponderance of the evidence. It should be recognized that it is not every act of negligence on the part of a plaintiff that will bar his recovery for injuries sustained due to the negligence of another. It is only when negligent acts on the part of a plaintiff form a direct and proximate causal relation or contribute in some appreciable degree to the injury that recovery is precluded. Moreover, as to whether an act of negligence on the part of a plaintiff can be said to have proximately contributed to his injury arising from an accident, a negligent act on the part of a plaintiff is not a proximate contributing cause of the injury unless the accident could have been avoided in the absence of such act of negligence. Bessett v. Hackett, Fla. 1953, 66 So.2d 694.
Our view is that the evidence does not demonstrate that the plaintiff was guilty of negligence which had a direct and proximate causal relation contributing to the accident. It is not shown that the plaintiff's slight excessive speed, as taken from a view of the evidence most favorable to the defendants was in any way a proximately contributing factor to the accident. That is to say, it is not shown that the accident could have been avoided in the absence of such slight excessive speed. The fact remains that the defendant drove his truck past a stop sign onto a through street and into the side of plaintiff's car at a point between its center and rear. This he did without having seen the other automobile prior to the collision, although his view was unobstructed. The fact that his truck struck the right rear portion of the plaintiff's car demonstrates that the plaintiff's car was in the intersection prior to the time the defendant-driver entered it. The evidence will not permit and is not susceptible of a mathematical calculation based upon distances and speeds which would show the plaintiff to have been contributorily negligent.
On the other points raised, we find no reversible error. Because of the views expressed, we recede from our original opinion and affirm the judgment.
ALLEN, C.J., concurs.
SHANNON, J., dissents and adheres to the original opinion.